[No. 8128–1–III.   Division Three.   December 8, 1987.]

WAYNE A. BERGER, *Appellant,* v. DISHMAN DODGE, INC., *Respondent.*

*Howard Delaney,* for appellant.

*Robert Henderson, Henderson & Nichols,* and *Lewis Schrawyer,* for respondent.

MUNSON, J.—Wayne A. Berger appeals, alleging the court erred in: (1) vacating an order and default judgment under the 4-part test established in *White v. Holm,* 73 Wn.2d 348, 438 P.2d 581 (1968); and (2) ruling that the acts or omissions of an insured can be the basis of a default judgment. We affirm.

On January 15, 1985, Mr. Berger was looking for a new vehicle at Dishman Dodge, Inc. While discussing the purchase of a new car with an employee of Dishman, he slipped on some ice, sustaining injuries. Dishman, after being notified of Mr. Berger's fall, contacted and tendered a defense of claim to Granite State Insurance Company, its insurance company. Granite, in turn, assigned the claim to a subsidiary, American International Adjustment Company. On May 19, 1986, Dishman was served with a summons and complaint which was forwarded on the following day to American in Bellevue and received on May 23 by Chuck Abbott, the claims manager.

On June 11, Mr. Berger filed the summons and complaint in the superior court and obtained an order of default. On June 24, an evidentiary hearing was held; findings of fact, conclusions of law, and a default judgment were entered awarding Mr. Berger $99,811.27 on June 26. That same date, Mr. Berger's attorney contacted the Bellevue office of American and spoke to Todd Marangon. He was advised Mr. Abbott, in their Spokane office, was handling the case. Counsel called Mr. Abbott and informed him of the entry of the default judgment.

The following day, counsel for Dishman served and filed a notice of appearance and sent a letter to Mr. Berger's attorney requesting he consider setting aside the default. On July 25, Dishman moved to set aside and vacate the default judgment; the court signed an order to show cause and set a hearing date. On August 20, a hearing was held; the court entered findings of fact and conclusions of law, setting aside the default, vacating the default judgment, and ordering Dishman to pay attorney fees in the sum of $2,997 to Mr. Berger.

First, Mr. Berger contends the court erred in vacating the order of default and the default judgment under the 4–part test established in *White v. Holm, supra.* Those elements have been considered in *Calhoun v. Merritt,* 46 Wn. App. 616, 731 P.2d 1094 (1986) and *Northwest Adm'rs, Inc. v. Roundy,* 42 Wn. App. 771, 713 P.2d 1127 (1986), both citing *White.*

As to the first element, *i.e.,* establishment of a prima facie defense, the unchallenged findings of fact show that Dishman regularly removed snow and ice from the viewing lot and established a prima facie defense that Dishman used the requisite care to keep the lot free from snow and ice.

As to the second element, mistake, inadvertence, surprise, or inexcusable neglect, the affidavit of Mr. Abbott shows he simply made a mistake. He sent the wrong case file to the law firm. This mistake was not discovered until

June 26, 1986, when Mr. Berger's attorney called him to notify him of the entry of the default judgment.

However, Mr. Berger contends that only the acts of the insured defendant can be considered, not those of the insurer. A genuine misunderstanding between the insured and his insurer as to who is responsible for answering a summons and complaint will constitute a mistake for purposes of vacating a default judgment. *Calhoun v. Merritt, supra.* While no Washington case has directly so held, one can conclude that the acts or omissions of an insurer can be imputed to the insured defendant. Several other jurisdictions have adopted this premise. *See generally Union Oil Co. v. Hudson Oil Co.,* 131 Ariz. 285, 640 P.2d 847 (1982); *Levitt v. Kacy Mfg. Co.,* 142 Mich. App. 603, 370 N.W.2d 4 (1985); *Leslie v. Spencer,* 170 Okla. 642, 42 P.2d 119 (1935); *Baskerville v. Philadelphia Newspapers, Inc.,* 278 Pa. Super. 59, 419 A.2d 1355 (1980).

In *Baskerville,* at 62, the court stated "a delay solely attributable to an oversight or mistake on the insurance carrier's part will excuse a default where the insured has no reason to believe his interests are not being protected." The acts or omissions of an insurance carrier will be imputed to the insured for purposes of vacating a default judgment. Here, the insured had no reason to believe that his interests were not being protected after promptly forwarding the documents to the insurer. Furthermore, one can logically draw this conclusion in light of *Heidebrink v. Moriwaki,* 104 Wn.2d 392, 706 P.2d 212 (1985), holding that the attorney–client privilege attaches to communications between the insured and his insurers when the insured subjectively believes he is talking to an attorney or an agent of the attorney. If such privileges apply to communications, we see no reason why the rule should not be extended to cover mistakes and excusable neglect.

Likewise, the third element is established in that counsel, after notice of entry of the default judgment, promptly

contacted Mr. Berger's counsel, filed an appearance and motion to set aside the default judgment.

As to the fourth element, the court awarded Mr. Berger the attorney fees he had incurred up to the time of the vacation. We are not persuaded that it is Dishman's responsibility to show the absence of substantial hardship. Nothing in *White* suggests that Dishman has this burden. Mr. Berger has not shown any other hardship exists other than the incurring of attorney fees for which he was compensated.

Finding no abuse of discretion, we affirm.

McINTURFF, C.J., and THOMPSON, J., concur.