[No. 58688-8.   En Banc.   June 4, 1992.]

KATHLEEN R. VAUGHN, ET AL, *Respondents,* v. KWAN-BONG CHUNG, ET AL, *Petitioners.*

*Alexander & Associates* and *David J. Bierman,* for petitioners.

*Maltman, Weber, Reed, North & Ahrens,* by *Douglass A. North,* for respondents.

UTTER, J. — Petitioner Kwan-Bong Chung asks this court to reverse the Court of Appeals' decision holding that a trial court has authority to consider a party's CR 60(b) motion to vacate an order of dismissal entered pursuant to CR 41(b)(2). We affirm the Court of Appeals.

I

On December 13, 1985, Kathleen Vaughn and Kwan-Bong Chung were involved in an auto accident. Vaughn sustained serious injuries that required a long course of treatment. Although Vaughn's physical condition was unstable, her

attorney, A. Stephen Anderson, filed a personal injury action on her behalf on July 24, 1986, to preserve her rights under pre-tort reform law.

Chung was insured with Mid-Century Insurance Company. On August 20, 1986, Anderson wrote a letter to Don Jacovich, an insurance adjuster with Mid-Century, informing the insurance company that Anderson was representing Vaughn, and requesting all statements taken from her. Anderson did not mention in the letter that a suit had been filed against Mid-Century's insured.

No action was taken in the case for more than a year, so the Superior Court clerk for Snohomish County filed a notice of dismissal on November 13, 1987, pursuant to CR 41(b)(2). Upon receiving the notice, Anderson served Chung with process on December 6, 1987, and filed an affidavit of service and notice of a change of address with the court on December 10, 1987. As a result, no order of dismissal was entered. Chung allegedly never told Jacovich that a suit had been filed against him. On December 15, 1987, and again on May 4, 1988, the adjuster, Jacovich, sent letters to Anderson requesting documentation of the claim. Anderson did not respond.

According to Anderson's affidavit, he subsequently made an arrangement with Jacovich "to forego the necessity of a notice of appearance and expenditure of expenses [sic] for counsel pending the opportunity to settle the case." The arrangement allegedly included an agreement to give the insurance company 20 days' notice prior to filing a motion for default against it. The agreement, however, was never reduced to writing. Jacovich, in his affidavit, claims that no such agreement was ever made.

On January 12, 1989, the clerk filed and sent its second notice of dismissal for want of prosecution to Anderson. An affidavit of mailing filed on that same date indicates the clerk sent the notice to Anderson. Anderson and his legal assistant, Ann Curtis, claim they never received the notice.

The affidavit of a deputy clerk at the Snohomish County Superior Court indicates that the notice was not returned as undeliverable to the clerk's office. When no response was made by Anderson within the 30-day period provided by the rule, the court entered an order of dismissal on February 13, 1989. Prior to that date, on December 13, 1988, the statute of limitations for Vaughn's claim ran.

In July 1989, Anderson and Curtis prepared a settlement brochure and demand, and sent it to the insurance company. The adjuster, Jacovich, claims that in August 1989 he went to the courthouse to check for filings and learned for the first time that an action had been filed in 1986, but had been dismissed for want of prosecution on February 13, 1989. Anderson claims that he first learned of the dismissal when representatives of the insurance company later relayed this information to him.

Relying upon CR 60, Anderson filed a motion to vacate the dismissal, attaching his own affidavit and Curtis's affidavit, both declaring that they never received the January 12, 1989, notice of dismissal. Both Anderson and his assistant, Curtis, claimed that had they received that notice of dismissal, they would have moved for a default to preclude dismissal and to prompt Mid-Century to make an appearance. The trial court, however, denied the motion to vacate, concluding that the Snohomish County clerk had complied with all of the requirements of CR 41(b)(2) in dismissing Vaughn's action, and that "a CR 41 dismissal cannot be set aside on a CR 60 motion".

Vaughn appealed the trial court's decision, claiming that a trial court does have authority to consider a party's CR 60(b) motion to vacate an order of dismissal entered pursuant to CR 41(b)(2). The Court of Appeals, Division One, agreed with Vaughn that trial courts have authority to vacate such dismissals. *Vaughn v. Chung*, 62 Wn. App. 647, 814 P.2d 1249 (1991). It was not persuaded by an earlier Court of Appeals, Division Two, case, *Nicholson v. Ballard*, 7 Wn. App. 230, 499 P.2d 212 (1972), that had reached the

opposite conclusion. Accordingly, it reversed the trial court's decision and remanded the case so the trial court could exercise its discretion under CR 60(b). Chung sought review in this court. We now affirm the Court of Appeals.

## II

■ The sole issue before us is whether a trial court has authority to consider a party's CR 60(b) motion to vacate an order of dismissal entered pursuant to CR 41(b)(2). CR 41-(b)(2) provides in pertinent part:

> (2) *Dismissal on Clerk's Motion.*
> (A) Notice. In all civil cases wherein there has been no action of record during the 12 months just past, the clerk of the superior court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within 30 days following said mailing, action of record is made or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.
>
> . . . .
> (C) Applicable date. This dismissal procedure is mandatory as to all cases filed after January 1, 1959, and permissive as to all cases filed before that date. . . .

CR 41(b)(2)(A), (C). The primary function of an involuntary dismissal by a clerk's motion is to clear the clerk's record of inactive cases. 4 L. Orland, Wash. Prac., *Rules Practice* § 5502, at 243 (3d ed. 1983). It is an administrative provision that creates a "relatively simple means by which the court system itself, on its own volition, may purge its files of dormant cases." *Miller v. Patterson*, 45 Wn. App. 450, 455, 725 P.2d 1016 (1986). Protecting litigants from dilatory counsel is only a secondary purpose of CR 41(b)(2).[1]

---

[1] In *Nicholson*, 7 Wn. App. at 232, the court cited *Franks v. Douglas*, 57 Wn.2d 583, 358 P.2d 969 (1961) to support its contention that CR 41 serves both to prevent the cluttering of court records with unresolved cases and protecting litigants from dilatory counsel. Viewed as a whole, that is a fair characterization of the purpose of CR 41. However, one should distinguish a dismissal based on a

A dismissal without prejudice is mandatory under CR 41(b)(2) only if three prerequisites are met:

1. The clerk must mail the required notice to the attorneys.
2. No action of record in the case during the preceding 12 months.
3. No action of record, and no showing of good cause for continuing the case, within 30 days following the notice.

*Kirschner v. Worden Orchard Corp.*, 48 Wn. App. 506, 509, 739 P.2d 119 (1987) (quoting *Miller v. Patterson*, 45 Wn. App. 450, 455, 725 P.2d 1016 (1986)). Vaughn concedes that these requirements have all been met, and that the trial court properly dismissed her suit.

■ Vaughn contends, however, that the trial court erroneously concluded it did not have authority to vacate a dismissal under CR 60(b). The relevant portion of CR 60(b) provides:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

CR 60(b). This court has described a proceeding before a trial court to vacate a default judgment as "equitable in character and relief is to be afforded in accordance with equitable principles." *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). In considering whether to grant a

---

party's motion and one based on a clerk's motion. In *Franks* the court was considering a dismissal for want of prosecution on the *motion of one of the parties* under former Rule of Pleading, Practice, and Procedure 41.04W(a) (formerly rule 3), 54 Wn.2d lvii. It was not considering a dismissal on a clerk's motion.

A motion by a party to dismiss for want of prosecution provides it with a mechanism to protect itself against dilatory counsel. By contrast, the dismissal on a clerk's motion is designed primarily to clear the court's records. As the Court of Appeals, Division One recently stated:

> [T]he purpose of CR 41(b)(2) is to benefit the court system itself by providing a method by which to remove stale matters from consideration; there are other provisions within the involuntary dismissal rule, CR 41(b), to benefit and protect the interests of defendants . . ..

*Miller v. Patterson*, 45 Wn. App. 450, 456, 725 P.2d 1016 (1986).

motion to vacate, a trial court "should exercise its authority 'liberally, as well as equitably, to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done.' " *Griggs*, 92 Wn.2d at 582 (quoting *White v. Holm*, 73 Wn.2d 348, 351, 438 P.2d 581 (1968)). Neither CR 41(b)(2) nor CR 60(b) expressly states whether vacating a dismissal for want of prosecution is appropriate.

The only previous Washington case addressing the issue in this case is *Nicholson v. Ballard*, 7 Wn. App. 230, 499 P.2d 212 (1972). In *Nicholson*, the trial court mailed a notice indicating the case would be dismissed for want of prosecution to the plaintiff's attorney of record pursuant to CR 41(b)(2). After 30 days had passed with no response, the court mailed a notice of dismissal. Thereafter, the plaintiff filed a motion to vacate the order of dismissal, pursuant to CR 60(b). Plaintiff claimed his case file had been turned over to another attorney in the same office, and the clerk's notice did not come to the attention of that attorney. The trial court granted the motion to vacate. The Court of Appeals, however, reversed, concluding that a trial court does not have authority under CR 60 to vacate an order of dismissal entered pursuant to CR 41. It wrote:

> We are unable to accept plaintiff's contention that while dismissal is mandatory under CR 41, the trial court possesses the discretion to vacate the order of dismissal under CR 60. Such a result would completely nullify the explicit, mandatory language of CR 41. Consequently, we conclude that once an order of dismissal is entered pursuant to CR 41, it cannot be vacated under CR 60.

*Nicholson*, 7 Wn. App. at 231.

In two subsequent opinions, the Court of Appeals has considered the effects of a CR 60(b) motion upon a CR 41(b)(2) dismissal. *Kirschner*; *Eiden v. Snohomish Cy. Civil Serv. Comm'n*, 13 Wn. App. 32, 533 P.2d 426 (1975). In each case, the three requirements for a dismissal under CR 41(b)(2) had not been met. Therefore, the issue of the trial court's authority to vacate a CR 41(b)(2) dismissal was not considered in either case. Finally, in *Vaughn v. Chung*, 62 Wn. App. 647, 814 P.2d 1249 (1991), the instant case, the

Court of Appeals, Division One, rejected the analysis of *Nicholson*. It concluded that trial courts do have authority under CR 60(b) to determine whether or not to vacate a dismissal entered pursuant to CR 41(b)(2).

Vaughn makes several arguments in support of the Court of Appeals' conclusion that trial courts have authority under CR 60 to vacate dismissals for want of prosecution under CR 41(b)(2). First, she cites the preference, embodied in our modern civil rules, of reaching the merits of controversies. Second, she emphasizes the equitable purposes of CR 60. Third, there is a hypothetical example that the Court of Appeals found persuasive. Finally, Vaughn suggests that we compare this case to default cases in which this court has validated a trial court's authority under CR 60 to vacate a default judgment.

■ ■ First, Vaughn correctly notes that the civil rules contain a preference for deciding cases on their merits rather than on procedural technicalities. *See, e.g., Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 766-67, 522 P.2d 822 (1974); *Fox v. Sackman*, 22 Wn. App. 707, 708, 591 P.2d 855 (1979); *First Fed. Sav. & Loan Ass'n v. Ekanger*, 22 Wn. App. 938, 943-44, 593 P.2d 170 (1979), *aff'd*, 93 Wn.2d 777, 613 P.2d 129 (1980). Second, CR 60 gives trial courts a broad measure of equitable power to grant parties relief from judgments or orders. *Griggs*. We find these first two points, taken together, strongly suggest trial courts have authority to vacate dismissals under CR 41(b)(2).

Third, the Court of Appeals in *Vaughn* described a hypothetical example presented by Vaughn's counsel it deemed persuasive. The court wrote:

> During oral argument, an example was presented by Vaughn's counsel which illustrated the inflexibility of the *Nicholson* approach. In that hypothetical situation, an attorney of record never receives the clerk's notice to dismiss pursuant to CR 41(b)(2), and, consequently, never takes the required action to prevent an order of dismissal from being entered. After learning of the dismissal, the attorney discovers that the clerk's notice had been misplaced by the post office and in fact was never processed. Under *Nicholson*, the trial

court would be precluded from granting relief, a result which would clearly be unjust under those circumstances.

*Vaughn*, 62 Wn. App. at 652 n.6. Admittedly, Vaughn's attorneys have not demonstrated that the clerk's notice in this case was misplaced at the post office. Nevertheless, this hypothetical situation aptly illustrates the inflexibility of the *Nicholson* rule. We find that inflexibility contrary to both the policy underlying the new rules to reach the merits of disputes and the broad equitable powers of trial courts under CR 60.

Finally, Vaughn cites cases where default judgments have been vacated because of mistake, inadvertence or neglect, arguing that those cases are similar to this one. *See, e.g., Berger v. Dishman Dodge, Inc.*, 50 Wn. App. 309, 748 P.2d 241 (1987); *State v. A.N.W. Seed Corp.*, 44 Wn. App. 604, 722 P.2d 815 (1986). Although helpful, the analogy between vacating dismissals and vacating default judgments is an imperfect one.[2]

Chung makes two related counterarguments against a trial court having authority to vacate dismissals. First, he argues the language of CR 41(b) indicates dismissal is mandatory. Second, he claims that giving trial courts discretion to vacate dismissals would conflict with our decision in *Snohomish Cy. v. Thorp Meats*, 110 Wn.2d 163, 750 P.2d 1251 (1988).

Chung correctly argues that dismissals are mandatory under CR 41(b)(2). The rule uses the mandatory word "shall" rather than the permissive "may". CR 41(b)(2)(A). Also, it states that "[the] dismissal procedure is mandatory". CR 41(b)(2)(C). In addition, this court has interpreted a comparable provision, CR 41(b)(1), which provides for dismissal for want of prosecution on motion of a party, as being mandatory:

> We have consistently held that where the provisions of CR 41(b)(1) and its predecessors apply, dismissal of an action is mandatory; there is no room for the exercise of a trial court's

---

[2]Unlike CR 41(b), CR 55(c) explicitly provides that default judgments can be vacated.

discretion. It follows that in ruling on a motion to dismiss pursuant to CR 41, the trial court may not generally consider the merits of the case nor the hardship which application of the rule may bring.

(Footnotes omitted.) *Snohomish Cy.*, 110 Wn.2d at 167. Similarly, if certain preconditions are met, a clerk must move to dismiss a case for want of prosecution pursuant to CR 41(b)(2).

██ Neither the language of CR 41(b)(2) nor our opinion in *Snohomish Cy.*, however, lead us to conclude that a trial court cannot subsequently vacate a dismissal under CR 60(b). First, we decline to focus solely on individual words in CR 41(b)(2). In construing rules, we employ the same principles as when we construe statutes. *Emwright v. King Cy.*, 96 Wn.2d 538, 544, 637 P.2d 656 (1981). We have repeatedly stated that statutes must be read in their entirety, not in a piecemeal fashion. *Donovick v. Seattle-First Nat'l Bank*, 111 Wn.2d 413, 757 P.2d 1378 (1988); *State v. Parker*, 97 Wn.2d 737, 741, 649 P.2d 637 (1982). Therefore, contrary to Chung's argument, we must not focus on individual words in CR 41(b)(2). Rather, our interpretation must be faithful not only to the language and underlying policy of CR 41, but also to those of CR 60 and the rules as a whole. As mentioned above, the Superior Court Civil Rules, and CR 60 in particular, favor disposition of cases on their merits.

When CR 41 and CR 60 are read together, it is apparent that a trial court's authority to vacate CR 41(b)(2) dismissals is not inconsistent with the mandatory language of that rule. CR 41(b)(2) simply creates an administrative mechanism to clear trial court dockets of inactive cases. If the prerequisites are met, a court must dismiss a case for want of prosecution. The result is a smooth, efficient procedure for clearing court dockets of dormant cases. Vacating dismissals, however, is a wholly different matter. Allowing trial courts to vacate *subsequently* those dismissals caused by mistake, inadvertence, or other good reasons is not inconsistent with a mandatory procedure for dismissing cases.

We also find it significant that case law from other states, as well as federal law, support the existence of a trial court's

authority under CR 60(b) to vacate a dismissal under CR 41(b)(2). It appears to be the general practice among state courts to allow litigants to seek by motion the restoration of cases dismissed for want of prosecution. 24 Am. Jur. 2d *Dismissal, Discontinuance, and Nonsuit* §§ 78, 90-92 (1983). Significantly, at least two states, Arizona and Utah, have rules that require trial courts to dismiss cases for want of prosecution.[3] Nonetheless, in those states there appears to be no question about trial courts having authority to vacate such dismissals under rules comparable to our CR 60(b). *See Cline v. Ticor Title Ins. Co.*, 154 Ariz. 343, 742 P.2d 844 (Ct. App. 1987); *Meadow Fresh Farms, Inc. v. Utah State Univ. Dep't of Agriculture & Applied Science*, 813 P.2d 1216 (Utah Ct. App. 1991).

Federal courts also have authority to vacate dismissals entered for want of prosecution. Although the Federal Rules of Civil Procedure contain nothing comparable to CR 41(b)(2), federal courts have inherent discretionary power to dismiss cases for want of prosecution. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962); 5 J. Moore, *Federal Practice* ¶ 41.11, at 41-109 to 41-110 (1984). Like our CR 41(b)(2), the purpose of such power is to clear calendars of dormant cases. *Link*, 370 U.S. at 629-30. Federal courts, however, have authority to vacate a dismissal for want of prosecution if a party makes a motion under Fed. R. Civ. P. 60(b). 5 J. Moore, *Federal Practice* ¶ 41.11, at 41-143 to 41-144, ¶ 41.17, at 41-217 (1984).

■ We agree with the Court of Appeals' conclusion that trial courts may exercise their discretion under CR 60(b) to vacate a dismissal entered pursuant to CR 41(b)(2). Accordingly, *Nicholson v. Ballard*, 7 Wn. App. 230, 499 P.2d 212 (1972) is overruled. Giving trial courts such authority is

---

[3]*See* Uniform Rules of Practice of the Superior Court of Arizona, rule V(e) (providing that "All cases remaining on the Inactive Calendar . . . *shall* be dismissed without prejudice for lack of prosecution . . ."). (Italics ours.) Utah Code of Judicial Administration, rule 4-103 (providing that "the court *shall* dismiss the case without prejudice for lack of prosecution" if certain deadlines are not met). (Italics ours.)

consistent with the guiding principle of our civil rules: disposing of controversies on their merits. We express no opinion as to whether the trial court should in fact vacate the dismissal. On remand the trial court shall perform that task, exercising its discretion under CR 60(b).

### III

We affirm the Court of Appeals decision that a trial court may exercise its discretion pursuant to CR 60(b) to determine whether to vacate a CR 41(b)(2) dismissal. Accordingly, this case is remanded to the trial court so it can exercise its discretion under CR 60(b).

DORE, C.J., and BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.