[No. 12094-5-III.    Division Three.    April 29, 1993.]

PUBLIC SCHOOL EMPLOYEES OF SUNNYSIDE — TEACHING ASSISTANTS, *Appellant*, v. SUNNYSIDE SCHOOL DISTRICT, *Respondent*.

*Eric T. Nordlof,* for appellant.

*Lonny R. Suko, Kevin D. Kilpatrick,* and *Lyon, Beaulaurier, Weigand, Suko & Gustafson,* for respondent.

SWEENEY, J. — Public School Employees of Sunnyside, Teaching Assistants (PSE) contends that RCW 28A.400.370 requires Sunnyside School District 201 (District) to provide insurance protection for its members for losses due to vandalism when they are working. PSE brought suit to require the District to provide the insurance. The Yakima County Superior Court granted the District's motion for summary judgment. We affirm.

## Factual and Procedural Background

PSE represents the teaching assistants of the District. Automobiles belonging to members of the union are routinely vandalized during working hours while parked on District property.

PSE sought a writ of mandamus compelling the District to provide the insurance. The District moved for summary judgment. PSE's response and cross motion for summary judgment was supported by an affidavit of Marge Zylstra, president of PSE.[1] The court granted the District's motion for summary judgment and PSE appealed.

## Analysis

PSE contends that RCW 28A.400.370 requires the District to provide insurance protection for PSE members for losses due to the vandalism. The District agrees that such coverage must be provided, but only for damage sustained while employees are engaged in maintaining order or discipline.

Resolution of this case turns on the interpretation of RCW 28A.400.370. The interpretation of a statute is a matter of law, *King Cy. Water Dist. 75 v. Port of Seattle*, 63 Wn. App. 777, 782, 822 P.2d 331, *review denied*, 119 Wn.2d 1002 (1992), which we review de novo. *Draper Mach. Works, Inc. v. Department of Natural Resources*, 117 Wn.2d 306, 311, 815 P.2d 770 (1991). We interpret the statute to give effect to the intent of the Legislature. *Biggs v. Vail*, 119 Wn.2d 129, 134, 830 P.2d 350 (1992); *Martin v. Meier*, 111 Wn.2d 471, 479, 760 P.2d 925 (1988). To determine legislative intent, we engage in a close and careful reading of the language of the statute, *Powell v. Viking Ins. Co.*, 44 Wn. App. 495, 499, 722

---

[1]The District contends this court should not consider the affidavit of Marge Zylstra, though the trial court noted that it had considered the affidavit of Ms. Zylstra "which, though containing allegations and statements that are inadmissible for purposes of this motion, has been considered by the court as illustrative background information without regard to its truth or accuracy". We need not address the propriety of considering Ms. Zylstra's affidavit because the plain meaning of the statute is clear.

P.2d 1343 (1986), and give effect to the plain meaning of the statutory language, *Cherry v. Municipality of Metro Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991).

The statute provides that

districts shall provide their employees with insurance protection covering those employees *while engaged in the maintenance of order and discipline and the protection of school personnel and students* and the property thereof when that is deemed necessary by such employees. Such insurance protection must include as a minimum, liability insurance covering injury to persons and property, and insurance protecting those employees from loss or damage of their personal property *incurred while so engaged.*

(Italics ours.) RCW 28A.400.370.[2]

PSE contends the Legislature intended that broad insurance coverage be provided by the District for employees, because the Legislature made the coverage mandatory, not permissive. PSE argues that the statute's use of the word "engaged" refers to a continuity of action and teaching assistants are always engaged in the maintenance of order and discipline. PSE also argues that unless the statute is read liberally to address the real problem of vandalism to school employees' automobiles, not directly related to a specific incident of discipline, the statute would not be meaningful. A persuasive argument can be made that such coverage should be afforded, but it is an argument better addressed to the Legislature.

The mandatory nature of the insurance does not imply a particular scope of coverage. The statute clearly provides that the insurance protection is for employees "while engaged in the maintenance of order and discipline and the protection of school personnel and students and the property thereof . . ." and at a minimum it must cover injury to persons and property "while so engaged". RCW 28A.400.370. The interpretation suggested by PSE would require that we ignore the conjunctive nature of the limiting clause "while engaged in the

---

[2]The statute was enacted in 1971 as RCW 28A.58.425 and was recodified as RCW 28A.400.370 in 1990. Laws of 1990, ch. 33, § 4.

maintenance of order and discipline and the protection of school personnel and students and the property thereof . . .". This we cannot do. The statute must be read as a whole. *Vaughn v. Chung*, 119 Wn.2d 273, 282, 830 P.2d 668 (1992).

Moreover, we will not construe the statute so as to render any portion of it inoperative or superfluous unless it is a result of obvious error. *Cossel v. Skagit Cy.*, 119 Wn.2d 434, 437, 834 P.2d 609 (1992); *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985). The statutory reference to being "engaged" is incident specific. Thus, it does not mandate that the District provide insurance coverage at all times when the employees are at work.

It is clear that the Legislature did not intend to address the larger problem PSE identifies. The decision of the trial court granting the District's motion for summary judgment is affirmed.

SHIELDS, C.J., and THOMPSON, J., concur.