## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of Raymond Walters, a vulnerable adult, | ) ) ) | No. 79707-7-I |
| CLAY WALTERS, an individual, | ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | |
| CORBIN WALTERS, individually and In his capacity as attorney-in-fact for Ray Walters and in his capacity as Trustee for the Trust of Raymond and Elaine Walters, | ) ) ) ) ) | UNPUBLISHED OPINION FILED: August 5, 2019 |
| Respondent. | ) ) ) | |

VERELLEN, J. — Superior courts have broad subject matter jurisdiction to address trust disputes, and the Trust and Estate Dispute Resolution Act (TEDRA)[1] grants superior courts broad authority over such matters. Clay Walters's[2] narrow appeal presents the question whether the superior court lost subject matter jurisdiction or authority to modify a July 2017 settlement order in a pending TEDRA lawsuit after the court administratively dismissed the lawsuit without

---

[1] Ch. 11.96A RCW.

[2] For clarity, we refer to Clay Walters and Corbin Walters by their first names.

prejudice due to inaction. The superior court always had subject matter jurisdiction over the TEDRA action, and the administrative dismissal did not preclude the court from modifying a prior settlement order that did not result in a final judgment. We affirm the court's November 2017 order dismissing Clay's action with prejudice. Because the November order in effect vacated the July 2017 order on settlement, Clay's challenge to that order is moot.

Therefore, we affirm.

## FACTS

Clay and Corbin are brothers and beneficiaries of a family trust.[3] Corbin is also a trustee.[4] In 2014, Clay filed a TEDRA action against Corbin in Pierce County Superior Court alleging several torts, requesting an accounting, and moving to appoint an additional trustee to serve alongside Corbin.[5] The tort claims were dismissed on summary judgment in 2016.[6] Clay and Corbin began settlement negotiations on the remaining issues.

In November of 2016, Clay filed a notice of settlement, although the parties had not finalized their agreement.[7] One month later, they still had not submitted a written settlement to the court.[8] In April of 2017, Clay moved to enter settlement

---

[3] Clerk's Papers (CP) at 3, 17, 20.

[4] CP at 3, 17.

[5] CP at 1-15.

[6] CP at 212, 215.

[7] CP at 43-44.

[8] CP at 83-88.

based on all but a single paragraph of a draft settlement agreement.[9] In response, Corbin moved to enforce the entire agreement.[10] In July, the court held a hearing and entered a settlement order.[11] The settlement order required the parties execute a TEDRA agreement based on the entire purported settlement agreement including a broad release and dismissal with prejudice.[12] Neither occurred.

Corbin's attorney drafted a TEDRA agreement and sent it to Clay's attorney. Clay's attorney withdrew from representation, and Clay did not respond to the draft TEDRA agreement. In August, the court administratively dismissed the matter due to inaction, pursuant to local rule.[13]

In November, Corbin requested that the court take up the case again, replace the settlement order with an order to wind down the trust under its own terms rather than the settlement's terms, and dismiss with prejudice.[14] Three days before the hearing on Corbin's motion, Clay's newly hired attorney moved for a continuance.[15] The court denied the continuance and granted Corbin's motion.[16]

Clay appeals.

---

[9] CP at 37-40, 43-44.

[10] CP at 60-61.

[11] CP at 97-98; Report of Proceedings (RP) (July 28, 2017) at 4-5.

[12] CP at 97-98.

[13] CP at 100.

[14] CP at 101-06.

[15] RP (Nov. 17, 2017) at 2-3.

[16] Id. at 8-9; CP at 187-88.

ANALYSIS

Clay contends the November dismissal with prejudice and the July settlement order were erroneous.[17] Because the November order in effect vacated the parts of the July order Clay challenges on appeal, we must first determine whether the November dismissal was entered in error. Clay does not contest the substance of the November order. Instead, his narrow argument is that "the trial court lacked jurisdiction" to enter the November dismissal after administratively dismissing the matter pursuant to Pierce County Local Rule 41(e)(3).[18]

"[J]urisdiction is the power of a court to hear and determine a case."[19] Washington recognizes only two types of jurisdiction: personal jurisdiction and subject matter jurisdiction.[20] Because Clay argues the court lacked power over the substance of the case rather than any person or property, he appears to contend the court lacked subject matter jurisdiction.

---

[17] Appellant's Br. at 2. Clay also assigns error to denial of his continuance motion. Id. But he makes no supporting arguments, and we decline to consider it. See In re Irrevocable Trust of McKean, 144 Wn. App. 333, 344, 183 P.3d 317 (2008) ("We do not consider arguments unsupported by argument or legal authority.").

[18] Appellant's Br. at 2, 25.

[19] Buecking v. Buecking, 179 Wn.2d 438, 447, 316 P.3d 999 (2013).

[20] Id.

We review the question of subject matter jurisdiction de novo.[21] "Subject matter jurisdiction refers to a court's ability to entertain a <u>type</u> of case, not to its authority to enter an order in a <u>particular</u> case."[22] "'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.'"[23] A court can commit an error of law by acting without authority but does not exceed its subject matter jurisdiction by doing so.[24] An order issued by a court without subject matter jurisdiction is void.[25]

Washington's superior courts have subject matter jurisdiction "'in all cases . . . in which jurisdiction shall not have been vested in some other court.'"[26] TEDRA recites that superior courts have "original subject matter jurisdiction over trusts and all matters relating to trusts."[27] "Matter" is defined expansively in

---

[21] <u>In re Guardianship of Wells</u>, 150 Wn. App. 491, 499, 208 P.3d 1126 (2009).

[22] <u>Buecking</u>, 179 Wn.2d at 448 (emphasis added); <u>see</u> <u>In re Marriage of Major</u>, 71 Wn. App. 531, 534, 859 P.2d 1262 (1993) ("The term 'subject matter jurisdiction' is often confused with a court's 'authority' to rule in a particular manner.").

[23] <u>ZDI Gaming Inc. v. State ex rel. Washington State Gambling Comm'n</u>, 173 Wn.2d 608, 618, 268 P.3d 929 (2012) (internal quotation marks omitted) (quoting <u>Marley v. Dep't of Labor & Indus.</u>, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)).

[24] <u>In re Schneider</u>, 173 Wn.2d 353, 362, 268 P.3d 215 (2011) (citing <u>Marley</u>, 125 Wn.2d at 539).

[25] <u>McKean</u>, 144 Wn. App. at 339.

[26] <u>Schneider</u>, 173 Wn.2d at 360 (quoting WASH. CONST. art. IV, § 6).

[27] RCW 11.96A.040(2).

TEDRA to include "any issue, question, or dispute involving: . . . (b) The direction of a . . . trustee to do or abstain from doing any act in a fiduciary capacity; (c) The determination of any question arising in the administration of an estate or trust."[28] This broad grant even confers "full power and authority" to administer a case under circumstances where it is unclear whether and how TEDRA applies.[29]

Clay does not argue the court lacked subject matter jurisdiction at the outset of this case when he expressly invoked TEDRA for subject matter jurisdiction.[30] He fails to explain how the superior court lost its ability to consider TEDRA actions by administratively dismissing this lawsuit for inaction. An order to dismiss would have no effect on the court's subject matter jurisdiction over a particular case.[31] The court had subject matter jurisdiction at this case's outset and never lost it.

Clay also appears to contend the court lacked authority to entertain the November motion to dismiss because of the August administrative dismissal.[32] The crux of his argument is the August administrative dismissal was a final order

---

[28] RCW 11.96A.030(2).

[29] RCW 11.96A.020(2); see McKean, 144 Wn. App. at 343 (describing circumstances illustrating "the trial court's authority to take action in the face of uncertainty") (citing RCW 11.96A.020(2)).

[30] CP at 4.

[31] See ZDI Gaming, 173 Wn.2d at 616 ("Simply put, the existence of subject matter jurisdiction is a matter of law and does not depend on procedural rules.").

[32] See Appellant's Br. at 25-26 ("The November 17, 2017, order dismissing the underlying case with prejudice is void for lack of jurisdiction. The August 8, 2017, order controls, and it effectively terminated the underlying litigation without prejudice and [Corbin] never appealed that final order.") (citation omitted).

that "effectively terminated the underlying litigation" and was never appealed, so the subsequent November order was entered in error.[33]

A "final judgment" is "'[a] court's last action that settles the rights of the parties and disposes of all issues in controversy.'"[34] An order is itself final and appealable where its practical effect is to determine an action by discontinuing it or preventing a final judgment.[35] Where substantive issues are left unresolved and the plaintiff could refile, no final judgment has been entered.[36]

The "primary function" of involuntary administrative dismissals under Civil Rule 41(b)(2)(A) and related rule PCLR 41(e)(3) "is to clear the clerk's record of inactive cases."[37] Such dismissals are not intended to be final adjudications because the civil rules prefer "deciding cases on their merits rather than on procedural technicalities."[38] Thus, courts retain their authority to vacate

---

[33] Id.

[34] Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 492, 200 P.3d 683 (2009) (alteration in original) (quoting BLACK'S LAW DICT. 859 (8th ed. 2004)).

[35] Id. at 487 (quoting Munden v. Hazelrigg, 105 Wn.2d 39, 44, 711 P.2d 295 (1985)).

[36] See id. at 492 (stating a voluntary dismissal without prejudice under CR 41 is not a final judgment because "[n]o substantive issues are resolved, and the plaintiff may refile the suit.").

[37] Vaughn v. Chung, 119 Wn.2d 273, 277, 830 P.2d 668 (1992) (citing 4 LEWIS ORLAND, WASHINGTON PRACTICE: RULES PRACTICE § 5502, at 243 (3d ed. 1983)).

[38] Id. at 280.

administrative dismissals and consider the merits of a case.[39] "Allowing trial courts to vacate . . . dismissals caused by mistake, inadvertence, or other good reasons is not inconsistent with a mandatory procedure for dismissing cases."[40]

The court dismissed this case on August 8 because PCLR 41(e)(3) requires that a court "dismiss the matter" after 90 days passes from the filing of a notice of settlement unless an order disposing of all claims is entered. PCLR 41(e)(3) states only that the court "shall dismiss the matter" and does not mandate dismissal with prejudice. Because we interpret local rules in the same manner as statutes, we will not read additional terms into the rule.[41] And Clay and Corbin agree the administrative dismissal was not entered with prejudice.[42] Clay's refusal to comply with the July settlement order left his claims for an accounting and trustee appointment unresolved because the court never entered judgment based on the settlement agreement. In absence of a judgment resolving the case's merits, the August administrative dismissal was not a final judgment.

And because the court had the authority to vacate the November 8 order granting an administrative dismissal, the court necessarily had the authority to address the remaining TEDRA issues and modify the July settlement order once it

---

[39] Id. at 283-84. We note, though, that dismissal without prejudice can be final and appealable under circumstances not present here. Munden, 105 Wn.2d at 40-41.

[40] Vaughn, 119 Wn.2d at 282.

[41] Heaney v. Seattle Mun. Court, 35 Wn. App. 150, 154, 665 P.2d 918 (1983); see In re Marriage of Ruff and Worthley, 198 Wn. App. 419, 425, 393 P.3d 859 (2017) ("Courts cannot amend statutes by judicial construction.").

[42] Appellant's Br. at 26; Resp't's Br. at 25.

effectively vacated the order granting the August administrative dismissal.[43] The court had the authority to consider Corbin's November motion.

Clay makes no arguments about the substance of the November motion to dismiss with prejudice and challenges only the court's subject matter jurisdiction and general authority to entertain motions in this case. But the court had both. Thus, Clay's assignment of error to the July settlement order is moot, and we need not address his arguments regarding CR 2A.[44]

Corbin requests we award fees under TEDRA to Corbin in his capacity as trustee and require that Clay pay those fees.[45] RCW 11.96A.150(1) authorizes an award of costs and attorney fees on appeal "to be paid [by a party or the trust] in such amount and in such manner as the court determines to be equitable." We consider whether the litigation and participation of the party seeking attorney fees benefited the trust.[46]

Corbin's participation as trustee resulted in success for the trust on appeal and affirmance of the order allowing wind down of the trust. Even if Clay's request for an accounting and for appointment of an additional trustee might have

---

[43] See RCW 11.96A.020 (courts may adjudicate trust matters even under uncertain circumstances); RCW 11.96A.060 (courts may issue any orders necessary to exercise powers under TEDRA).

[44] See Matter of Marriage of Laidlaw, 2 Wn. App. 2d 381, 393, 409 P.3d 1184 (2018) ("'A case is moot if a court can no longer provide effective relief.'") (quoting State v. Gentry, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995)), review denied, 190 Wn.2d 1022 (2018)).

[45] Resp't's Br. at 28.

[46] In re Estate of Wimberley, 186 Wn. App. 475, 512, 349 P.3d 11 (2015)

benefited the trust, his refusal to comply with the trial court's July settlement order led to the loss of those benefits.  That same refusal led to the November dismissal order and this appeal.  In his capacity as trustee, Corbin is entitled to attorney fees and costs to be assessed against Clay under RCW 11.96A.150(1) upon compliance with RAP 18.1.[47]

Therefore, we affirm.

WE CONCUR:

_____

_____

_____

_____

[47] Because we award costs and attorney fees under TEDRA, we do not consider Corbin's request for costs and attorney fees under RAP 18.9.