# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Estate of:

MARK L. BESOLA,

Deceased.

No. 56725-3-II

ORDER DENYING MOTION FOR RECONSIDERATION AND AMENDING OPINION

Appellant, Amelia Besola, moves this court to reconsider its February 7, 2023 opinion. After consideration, this court amends its opinion as follows, but otherwise denies the Appellant's motion:

The last sentence of the first full paragraph on page 3 that reads: "Amelia did not sue Julia." is deleted.

The last paragraph of the first full block quote on page 6 that reads:

> I don't think Julia Besola-Robinson had anything to do with a fraudulent will either.  Don't get me wrong. But she didn't get sued.  Anyway, I will grant an order that makes Mr. Pula jointly liable with Amelia Besola on this, but I'm not going to vacate the judgment.

is deleted and replaced with the following:

> I don't think Julia Besola-Robinson had anything to do with a fraudulent will either. . . .  Anyway, I will grant an order that makes Mr. Pula jointly liable with Amelia Besola on this, but I'm not going to vacate the judgment.

The last line of the fourth full paragraph on page 8, that reads: "Further, the trial court observed that Julia was also a beneficiary under the Will.  Amelia, however, did not sue Julia." is deleted.

The first full sentence on page 9, that reads: "Amelia chose to sue McGraw, but did not sue Julia." is deleted.

It is SO ORDERED.

_____
Veljacic, J.

We concur:

_____
Lee, J.

_____
Glasgow, C.J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Estate of:<br><br>　MARK L. BESOLA,<br><br><br><br>　　　　　　　　　　Deceased. | No.　56725-3-II<br><br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — Amelia Besola contested a last will and testament (Will) purportedly signed by her brother Mark Besola in December 2018. In her petition contesting the December 2018 Will, Amelia asserted claims against beneficiaries under the Will, including against Kelly McGraw, based on undue influence, fraud, unauthorized practice of law, and financial exploitation. The trial court granted summary judgment dismissal of Amelia's claims against McGraw and ordered Amelia to pay McGraw attorney fees. After this grant of fees, Amelia ultimately was successful in invalidating the Will on the basis of fraud, though not by McGraw. Amelia then moved to vacate the award of attorney fees to McGraw under CR 60(b)(3) and (4), newly discovered evidence and fraud, as well as RCW 11.96A.150. Amelia argued that, because she prevailed in the will contest, the award of attorney fees should be vacated. The trial court denied the motion to vacate, but modified previous orders to make Eric Pula, one of the proponents of the fraudulent Will, jointly and severally liable for the award of fees to McGraw.

Amelia appeals the denial of her motion to vacate the award of attorney fees to McGraw. She argues that the victim of a fraudulent will should not be required to pay fees to a beneficiary of that same will, and she contends that the trial court's reasoning is insufficient to sustain the

award of fees to McGraw.  But, because the fraud was never connected to McGraw and McGraw remained the prevailing party on summary judgment regarding the claims against her personally, we hold that the trial court did not abuse its discretion in refusing to vacate the award of attorney fees.  We affirm.

FACTS

I.    FACTUAL BACKGROUND

In January 2019, Mark Besola died leaving a $5 million estate.  Mark[1] had two sisters, Amelia Besola and Julia Besola-Robinson.  After his death, Amelia was appointed personal representative.

At the time of Mark's death, Mark had various housemates living at his home on Lake Tapps.  Kelly McGraw lived in a mother-in-law unit at the house.  Brandon Gunwall and Eric Pula also lived at the property in exchange for caring for Mark and doing odd jobs at the property.

Four months after Mark's death, in May 2019, Pula and Robyn Peterson filed a Will purportedly signed by Mark in December 2018.  Peterson was one of the witnesses to the Will.  In September 2019, the trial court admitted the December 2018 Will to probate at Gunwall's request.

The Will named Mark's sister Julia, McGraw, Pula, and two charities as beneficiaries.[2] Gunwall was named as a beneficiary under a section of the Will outlining directives for the care of Mark's pets.  Amelia was not a beneficiary under the Will.

---

[1] For clarity, after the first reference, we refer to the Besola siblings by their first names.  No disrespect is intended.

[2] The beneficiary names are taken from the Trust and Estate Dispute Resolution Act (TEDRA) petition filed by Amelia.  The Will is not in the record before this court.

II.     PROCEDURAL HISTORY

In October 2019, Amelia filed a Trust and Estate Dispute Resolution Act (TEDRA) petition contesting the Will.  Amelia claimed that the Will was invalid based on (1) lack of testamentary capacity, (2) undue influence, (3) insane delusion, (4) fraud, (5) unauthorized practice of law, (6) lack of a signature and improper execution, and (7) financial exploitation by the individual beneficiaries—Pula, Gunwall, and McGraw.  Amelia did not sue Julia.

In March 2020, McGraw and Pula filed their answer, counterclaim, and cross-claim.  In their answer, McGraw and Pula argued that Amelia had submitted no admissible evidence in support of her claims.

A.      December 2020 Summary Judgment Dismissal and Attorney Fee Award

In December 2020, McGraw joined Pula's motion for summary judgment dismissal of the will contest.  The trial court granted the motion as to McGraw, dismissing all Amelia's claims against McGraw.

On December 31, 2020, the trial court granted McGraw attorney fees and costs, in an amount to be determined, pursuant to RCW 11.96A.150.  The trial court found:

> 1.  Respondent Kelly McGraw is a prevailing party in this case with regard to the Petitioner's claims having obtained a dismissal of all claims against her.
> 2.  Based upon the facts and circumstances of this case, including the fact that the claims brought by the Petitioner against Kelly McGraw have been dismissed with prejudice upon summary adjudication, it is equitable to award attorneys' fees and costs to the prevailing party.
> . . . .
> 4.  The complexity of this matter and the "scorched earth" litigation tactics pursued by Petitioner Amelia Besola made it even more costly to litigate this matter and for Respondent Kelly McGraw to defend against the claim brought by the Petitioner.

Clerk's Papers (CP) at 462-63.

In January 2021, the trial court entered its judgment and order granting McGraw attorney fees and costs in the amount of $89,502.48 pursuant to RCW 11.96A.150. The trial court stated that the fees and costs reasonably and fairly compensated McGraw for defending against "the claims brought against her by [Amelia], which claims were found by the Court to be meritless." CP at 470.

### B. November 2021 Will Contest Ruling

After a truncated bench trial on Amelia's remaining challenges to the validity of the Will, the trial court determined that the Will was the product of fraud. In November 2021, the trial court entered its findings of fact and conclusions of law. The trial court's findings included that Peterson created the Will with the possible assistance of others; Pula, Garrett, and Peterson knew the Will was false, and they intended that it deceive the court; and the false Will harmed the true beneficiaries of Mark's estate as well as the beneficiaries under the Will who were innocent of wrongdoing.

### C. December 2021 Motion to Vacate

In December 2021, Amelia moved to vacate the order and judgment granting attorney fees to McGraw, arguing that the order should be vacated because the Will was fraudulent. Amelia based her motion to vacate on CR 60(b)(3) and (4), newly discovered evidence and fraud. Amelia also argued that the trial court had the authority under RCW 11.96A.150 to vacate its prior orders and reallocate any attorney fees and costs to Pula, who was the cause of the entire will contest.

The trial court issued an order to show cause why the order and judgment for attorney fees should not be vacated. McGraw responded, arguing that she had prevailed in her motion for summary judgment. McGraw argued that the validity of the Will had no bearing on whether the claims brought by Amelia against McGraw were unsubstantiated.

6

In February 2022, the trial court heard the motion to vacate. Amelia first asked the court to "vacate the judgment itself, and we offer to the Court as a secondary option, if there [are] issues as far as equity goes because having—Ms. McGraw was really it appears to [sic] have been dragged into this thing by Mr. Pula or whoever drafted that will; that, secondarily, the fees could be shifted to Mr. Pula under the TEDRA statute." Report of Proceedings (RP) at 5. McGraw responded that the judgment against Amelia stemmed solely from the claims that she had brought against McGraw and the recently discovered evidence of fraud did nothing to implicate McGraw. She contended that there was no basis for vacating the judgment or shifting the fees to Pula.

The trial court agreed with McGraw that the claims brought against her by Amelia did not depend on whether fraud had occurred, rather, the earlier dismissed claims remained unfounded. The trial court stated:

> The thing that's interesting about this is that my order granting summary judgment for all those things, like the idea that Dr. Mark Besola was incompetent, that he was under undue influence in seeing delusions and all kinds of other things all turned out to be accurate [sic]. None of those things happened because somebody fraudulently created this will. Dr. Mark Besola didn't sign it, so he couldn't have signed it under all those conditions, right? And, yet, I remember specifically a fairly—what's the right word?—indignant Ms. Thompson talking about all the horrible things that [were] said about Ms. McGraw in the course of all this stuff, all of which turned out to be not true.
> The issue is whether or not Dr. Amelia Besola's claims with respect to all of those matters justified an award of attorneys' fees to the prevailing parties. With respect to Ms. McGraw in particular, I think that's true. The fraud that was ultimately discovered had nothing to do with Kelly McGraw.

RP at 10.

Amelia's counsel asserted that McGraw may have assisted in the creation of the fraudulent Will; however, the trial court responded that no such evidence existed.

> [COUNSEL]: And Ms. McGraw being in her unique position where she was occupying the house, she was there during the December time period that was relevant to all of this. She was there afterwards.

7

THE COURT: Sure. But as it turns out, there was essentially no evidence that she did any of those things.

. . . .

So it turns out not only did she not [create the Will], she couldn't have done it; and, yet, here she's left with all these legal fees.

RP at 11-12.

The trial court then issued its oral ruling:

Here's my view. The judgment should not be vacated, but I do think it's not unreasonable to make Mr. Pula jointly liable for it since he's the one that initiated all this. If he hadn't done that, then Amelia Besola wouldn't have brought that claim. I don't think it's unforeseeable that Amelia Besola brings these kinds of claims against the beneficiary, although not against Julia, interestingly. Sure, Julia wasn't living there, but there was some reason to think that at least some point within reasonable proximity to the execution of the will that [Julia] and [Mark] were communicating by email. I know at one point she blocked him from social media. But wasn't it as late as October before the December will, the fraudulent will that they were communicating via email? I don't know. So there could have been other communications too.

I don't think Julia Besola-Robinson had anything to do with a fraudulent will either. Don't get me wrong. But she didn't get sued. Anyway, I will grant an order that makes Mr. Pula jointly liable with Amelia Besola on this, but I'm not going to vacate the judgment.

RP at 12-13.

The trial court entered an order denying Amelia's motion to vacate the order and judgment of attorney fees in favor of McGraw. The trial court also modified its earlier orders by making Pula jointly and severally liable with Amelia for McGraw's attorney fees.

Amelia appeals the trial court's order denying her motion to vacate.

ANALYSIS

Amelia contends that the trial court abused its discretion by requiring Amelia, the victim of a fake will, to pay the attorney fees of a beneficiary of the same fake will. She argues that this is in violation of RCW 11.96A.150, which grants the trial court the equitable power to award attorney fees and costs. In her reply brief, Amelia also argues that evidence supports that McGraw

8

engaged in fraud and should be considered by this court when it makes its decision. We disagree with Amelia and affirm the trial court.[3]

I.      DENIAL OF THE CR 60(b) MOTION TO VACATE

Pursuant to CR 60(b), a trial court is permitted to grant relief from a final judgment or order "[o]n motion and upon such terms as are just." The bases for relief from judgment relevant to his appeal include:

> (3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);
> (4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

CR 60(b)(3), (4).

"In considering whether to grant a motion to vacate, a trial court 'should exercise its authority liberally, as well as equitably, to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done.'" *Vaughn v. Chung*, 119 Wn.2d 273, 278-79, 830 P.2d 668 (1992) (internal quotation marks omitted) (quoting *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979)). Further, this court limits its review of a denial of a CR 60(b) motion to the propriety of the denial and does not review the impropriety of the underlying order. *In re Dependency of J.M.R.*, 160 Wn. App. 929, 938 n.4, 249 P.3d 193 (2011).

---

[3] The trial court's order denied the motion to vacate the award of attorney fees in favor of McGraw, but modified the court's earlier orders and made Amelia jointly and severally liable with Pula for the attorney fees and costs. At one point in her briefing, Amelia appears to contest the addition of Pula. Amelia's argument as a whole, however, and specifically her conclusion, support that she is not contesting the addition of Pula.

A motion to vacate is left to the sound discretion of the trial court. *Jones v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). A trial court abuses its discretion if its decision is manifestly unreasonably or exercised on untenable grounds or for untenable reasons. *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 423-24, 138 P.3d 1053 (2006).

The trial court based its award of attorney fees on RCW 11.96A.150, which provides:

> Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party. . . . The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. *In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate,* which factors may but need not include whether the litigation benefits the estate or trust involved.

(Emphasis added.)

Amelia frames the issue on appeal as whether the trial court's award of attorney fees to McGraw now violates RCW 11.96A.150 in light of the Will being ruled invalid.

But the issue before the trial court was whether Amelia's original claims justified an award of fees to the parties prevailing on those claims, irrespective of the validity of the Will. The trial court determined that the original award of fees remained justified, because McGraw had never been linked to the wrongful creation of the fraudulent Will. The trial court also determined that invalidation of the fraudulent Will did not undermine the original dismissal of Amelia's claims against McGraw; Amelia's litigation of her baseless claims against McGraw continued to provide an equitable basis justifying fees to McGraw under TEDRA. Further, the trial court observed that Julia was also a beneficiary under the Will. Amelia, however, did not sue Julia.

The trial court's reasoning is supported by the record. In its original December 2020 order granting fees, the trial court found that McGraw was a prevailing party on the motion for summary judgment, which dismissed Amelia's claims against her. The trial court also stated in its January

10

2021 order that it had found Amelia's claims meritless—the very claims that formed the basis for the award of fees. Amelia chose to sue McGraw, but did not sue Julia. Because the fraud at issue in this case was never tied to McGraw and was in any event immaterial to the original meritless claims brought by Amelia, the trial court did not abuse its discretion in denying the motion to vacate.

II.      MCGRAW'S ALLEGED INVOLVEMENT IN CREATION OF FRAUDULENT WILL

In her reply brief, Amelia asks us to consider evidence that McGraw and Gunwall were involved in the conspiracy to commit fraud. Amelia argues that the trial court "did not consider in its *Findings*[4] whether the sealed documents . . . provided evidence probative of . . . Ms. McGraw's involvement in the . . . fraud identified in . . . Besola['s] TEDRA matter." Reply Br. of Appellant at 1. She asserts that the referenced sealed documents "support[] a determination that Ms. McGraw was part of the effort to defraud [Mark's] estate." Reply Br. of Appellant at 18. Amelia continues that McGraw's possible participation in fraudulent conduct is material to our determination of whether Amelia should be required to pay attorney fees to McGraw under RCW 11.96A.150.

Pursuant to RAP 2.5(a), the failure to raise an argument before the trial court results in the waiver of that argument on appeal. *Roberson v. Perez*, 156 Wn.2d 33, 39, 123 P.3d 844 (2005). And while we are reviewing the trial court's denial of Amelia's motion to vacate for an abuse of discretion, that review does not include the underlying November 2021 findings of fact regarding the will contest. Further, at the hearing on the motion to vacate, Amelia provided no argument to

---

[4] The findings referenced by Amelia are those included in the trial court's November 17, 2021 order in which the trial court held the Will was fraudulent.

the trial court specific to McGraw's involvement in the creation of the Will based on the evidence she now asks us to consider.

Because we are limited in our review to determining whether the trial court properly denied the motion to vacate, we decline to make any factual determinations regarding McGraw's involvement in the creation of the Will. We also decline to consider this argument because Amelia failed to raise it before the trial court.

## ATTORNEY FEES

McGraw requests attorney fees on appeal, arguing that this appeal is baseless and meant to harass her. She contends that she has once again been forced to incur attorney fees and costs in order to respond to this appeal.

RAP 18.1(b) requires "'[a]rgument and citation to authority' as necessary to inform the court of grounds for an award, not merely 'a bald request for attorney fees.'" *Hudson v. Hapner*, 170 Wn.2d 22, 33, 239 P.3d 579 (2010) (quoting *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998)).

Here, McGraw requests attorney fees on the grounds that this appeal is baseless. McGraw, however, fails to inform us of the specific grounds or the authority on which she relies when seeking an award of fees.[5] Because McGraw fails to inform us of the specific grounds on which she requests attorney fees, we deny the request.

We affirm.

_____

[5] In her conclusion, McGraw cites to RAP 18.1 as the basis for fees. In the specific section on fees, there is no citation to authority to support an award of fees. It remains unclear on what grounds McGraw asks us to enter an award.

12

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, J.

Glasgow, C.J.