[No. 9162-0-I.   Division One.   December 20, 1982.]

CANAM HAMBRO SYSTEMS, INC., *Respondent,* v. JOYCE S. HORBACH, ET AL, *Appellants.*

*Robert A. Keolker,* for appellants.

*Andrew W. Maron,* for respondent.

RINGOLD, J.—Defendants Eugene and Joyce Horbach appeal from the amended default judgment entered August 1, 1980, in favor of plaintiff Canam Hambro Systems, Inc. (Canam).

On November 13, 1979, and December 3, 1979, Joyce Horbach allegedly executed two checks in the amounts of $39,000 and $30,000, drawn on her personal checking account and payable to Canam. The checks were subsequently dishonored by the Bellevue office of Rainier Bank. Notice of the dishonor, pursuant to RCW 62A.3–520, was given by certified mail to Horbach on March 10, 1980.

The action was commenced by service of a summons and complaint on Joyce Horbach on March 31, 1980. The complaint was filed in King County Superior Court on April 22, 1980, at which time Canam obtained an order of default. Horbach moved to set aside the order of default on May 15, 1980, alleging by affidavit excusable neglect and a meritorious defense. The motion was denied on June 26, 1980, and judgment was entered in the sum of $69,000 plus interest, attorneys fees, and costs on June 27, 1980. The judgment was subsequently amended to reflect certain sums paid by Horbach to Canam. Horbach appeals the order denying the vacation of the order of default.

CR 55(c) provides: "For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default . . ." In contrast with CR 60(e), which requires that a defendant seeking to vacate a default *judgment* show a meritorious defense to the action, a party seeking to set aside an order of default under CR 55(c) prior to the entry of the judgment need only show good cause. *See Johnston v. Medina Imp. Club, Inc.,* 10 Wn.2d 44, 116 P.2d 272 (1941) (antedates civil rules).

The decision to set aside an order of default is generally within the discretion of the trial court, subject to the good cause requirement of CR 55(c). "Where the decision or order of the trial court is a matter of discretion, it will not

be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). It is with this standard in mind that we examine the reasons given by the trial court.

The order denying Horbach's motion reads in part:

The Court finds that good cause has not been shown justifying the setting aside of the default in this action because:

1. The plaintiff was a holder in due course when it received the two checks which were subsequently dishonored; and

2. The claim by the defendants of a defect in the material provided by the plaintiff is presently contested in King County Superior Court Cause No. 80–2–00788–2 (Structurals Northwest, Ltd. and Canam Hambro Systems, Inc. v. Fifth & Park Place, Inc.), and may not be raised as a defense in this action.

RCW 62A.3–302 provides, in part:

(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

(2) A payee may be a holder in due course.

The instruments in question were two post–dated checks given by Joyce Horbach in payment for structural steel to be used in the construction of an office building. The record shows that the checks were taken in the normal course of business. While under the statute a payee may be a holder in due course, it does not follow that Canam was a holder in due course:

While a payee may be a holder in due course it is not contemplated that a person contracting to supply materials and perform services would be a holder in due course.

As a practical matter it follows that whenever the

payee deals directly with the maker or drawer, the payee will probably not be a holder in due course.

(Footnotes omitted.) 2 R. Anderson, *Uniform Commercial Code* § 3–302:19 (2d ed. 1971).

Horbach sought vacation of the order of default based on a defense that the steel furnished by Canam was defective. A material breach of the underlying contract may constitute a failure of consideration and may be raised in defense to an action on an unpaid instrument. *Burton v. Dunn,* 55 Wn.2d 368, 347 P.2d 1065 (1960). As supplier of the steel, Canam would be on notice of defenses. "Where the payee is an immediate party to the underlying transaction, under normal circumstances he cannot claim [to be a holder in due course] because he necessarily knows of any defenses to the contract." *Saka v. Sahara–Nevada Corp.,* 92 Nev. 703, 705–06, 558 P.2d 535, 536 (1976) and cases cited therein.

▇ Whether a party is a holder in due course is a factual question. *Merrick v. Peterson,* 25 Wn. App. 248, 606 P.2d 700 (1980). The existence of a material issue of fact as to this issue renders premature the trial court's finding that Canam was a holder in due course. Because there is a factual question as to Canam's status, the trial court's use of that status to deny Horbach's motion to vacate the order of default is untenable. *State ex rel. Carroll v. Junker, supra.*[1]

Similarly, the other reason given by the trial court, that the breach of warranty claim was the subject of collateral litigation and could not be raised by Horbach, is also untenable. Both the drawing of the checks to the payee and the alleged defense arose out of the same dealings between the parties. Horbach should be able to assert as a defense the partial failure of consideration caused by the alleged defects. An asserted defense to an action is good cause to set aside an order of default.

---

[1]Even if Canam was a holder in due course, Horbach could still assert the defense. RCW 62A.3–305(2) provides that a holder in due course takes the instrument free from "all defenses of any party to the instrument *with whom the holder has not dealt . . .*" (Italics ours.)

While excusable neglect and a meritorious defense are not necessarily required to set aside an order of default as opposed to a default judgment, assertion of the two provides the good cause required by CR 55(c). The reasons given by the trial court for refusing to set aside the default are, as discussed above, untenable. *State ex rel. Carroll v. Junker.* The Horbachs should have been allowed to present their side of the case. The order of default and the judgment thereon is accordingly stricken and the cause remanded for further proceedings consistent herewith.

DURHAM, A.C.J., and CALLOW, J., concur.