[No. 27917-1-III.   Division Three.   February 11, 2010.]

BARBARA A. BROOKS, *Respondent*, v. UNIVERSITY CITY, INC., *Defendant*, ICT GROUP, INC., *Appellant.*

*David R. Antal, David E. Chawes,* and *Eric P. Gillett* (of *Preg O'Donnell & Gillett PLLC*), for appellant.

*Martin A. Peltram,* for respondent.

¶1 SWEENEY, J. — The defendant here appeals the trial judge's refusal to vacate both an order of default and a default judgment. The default judgment was entered more than one year after service of the summons and complaint. The defendant failed to appear after it was served with the summons and complaint. We conclude that the trial court did not abuse its discretion by refusing to vacate the order of default but that it erred, as a matter of law, when it refused to vacate the default judgment. The rule—CR 55(f)(1)—requires that the plaintiff give the defaulted defendant notice before taking a default judgment, if the summons and complaint were served more than one year earlier, without an appearance by the defendant. We therefore affirm the order of default but reverse the default judgment.

## FACTS

¶2 Barbara Brooks worked for ICT Group Inc. She slipped and fell on a patch of motor oil in a parking lot that ICT leased from University City Inc. She sued ICT and University City for negligence; she claimed they failed to properly maintain the parking lot.

¶3 On May 3, 2006, Ms. Brooks served ICT with a summons and complaint. ICT did not respond. On July 26,

2006, Ms. Brooks moved for an order of default. On August 10, 2006, the court entered an order of default against ICT. Ms. Brooks mailed a copy of the order to ICT.

¶4 On April 17, 2007, Ms. Brooks settled with and dismissed her claims against University City. She then moved for a default judgment against ICT. On November 9, 2007, the trial court entered default judgment against ICT for $313,000 and costs. Around November 17, 2008, Ms. Brooks mailed a copy of the judgment to ICT.

¶5 On December 12, 2008, ICT appeared and moved to vacate the default order and judgment. It argued that the *default order* should be vacated because (1) it did not owe a duty to Ms. Brooks and (2) it did not appear earlier only because its registered agent mistakenly forwarded the summons and default order to the wrong ICT employee.

¶6 The trial court refused to vacate the *default order* because it determined that ICT's untimely appearance was inexcusable and prejudicial to Ms. Brooks:

> [N]ow we jump ahead all the way to basically 2008. I just think it's way beyond the time and equitable [not to vacate the order], . . . but it's, also, inequitable toward the plaintiff [to vacate the order] because she has settled with the other [defendant. T]o go back and undo it now where they've already settled and have no recourse against the other co-defendant for the rest of the damages would be inequitable, also, to the plaintiff.

Report of Proceedings (RP) at 31-32.

¶7 The court also denied ICT's motion to vacate the default judgment. It reasoned that ICT was not entitled to notice of the default judgment because it was in default. And it concluded that ICT's failure to timely act on the summons and complaint was not an extraordinary circumstance justifying relief from judgment.

## DISCUSSION

### DEFAULT JUDGMENT

¶8 ICT first contends that, under the clear language of CR 55(f)(1), Ms. Brooks was required to notify ICT before she took a default judgment because more than one year had passed since service of the summons and complaint.

¶9 The articulated standard of review for a decision to vacate a default judgment is abuse of discretion. *C. Rhyne & Assocs. v. Swanson*, 41 Wn. App. 323, 325, 704 P.2d 164 (1985). But here the question is whether the court had authority, under the provisions of CR 55(f)(1), to enter a default judgment after more than one year had elapsed since the summons and complaint were served. The interpretation of this court rule and its application to these uncontested facts is a question of law. *Gourley v. Gourley*, 158 Wn.2d 460, 466, 145 P.3d 1185 (2006). Our review, then, is de novo. *Id.*

¶10 The general rule is that "once a defendant has been adjudged to be in default, [it] is not entitled to notice of subsequent proceedings," *Conner v. Universal Utils.*, 105 Wn.2d 168, 172, 712 P.2d 849 (1986); that is, unless more than one year has passed since service of the summons:

> When *more than 1 year has elapsed* after service of summons with no appearance being made, the *court shall not . . . enter a judgment until a notice of the time and place of the application for . . . judgment is served on the party in default,* not less than 10 days prior to the entry.

CR 55(f)(1) (emphasis added).

¶11 The language is clear. A plaintiff must notify a nonappearing defendant when the plaintiff seeks a default judgment more than one year after service of the summons. Here, Ms. Brooks sought her default judgment on November 9, 2007, more than one year after serving ICT with a summons. And ICT had not yet appeared in the action. CR 55(f)(1), therefore, required that Ms. Brooks notify ICT of

the November 9 default judgment hearing. She did not do so. The trial judge did not, then, have authority to enter the default judgment. And we must vacate the judgment.

ORDER OF DEFAULT

¶12 ICT also argues that the court abused its discretion by refusing to set aside the initial order of default.

■ ■ ¶13 The decision to vacate an order of default is addressed to the sound discretion of the trial judge, and we will not reverse that decision absent a showing that the trial judge abused her discretion. *In re Estate of Stevens*, 94 Wn. App. 20, 29, 971 P.2d 58 (1999).

■ ¶14 ICT contends that the trial court should have vacated the default order here because ICT demonstrated good cause for its delayed appearance: its registered agent failed to forward the summons to ICT's legal department. A default order may be set aside upon a showing of good cause, i.e., a showing of excusable neglect and due diligence. CR 55(c)(1); *Stevens*, 94 Wn. App. at 30. The moving party need not demonstrate a defense on the merits of the case. *Johnston v. Medina Improvement Club, Inc.*, 10 Wn.2d 44, 53, 116 P.2d 272 (1941).

■ ¶15 The trial court refused to conclude that the conduct amounted to excusable neglect:

> The fact that you're a registered agent, got it, sat on it, didn't do anything or sent it to the wrong person is sad . . . , and it does happen a lot as far as people getting served, and they tuck it away and forget about it, and things like this happen.
>
> . . . .
>
> . . . [N]ow we jump ahead all the way to basically 2008 [to ICT's first appearance]. I just think it's way beyond the time and equitable [not to vacate the order].

RP at 30-31. ICT first appeared in this action more than two years after being properly served with a summons because its own registered agent failed to forward the summons to its legal department. The trial court, then, had tenable reasons to conclude that ICT failed to show excus-

able neglect. *Prest v. Am. Bankers Life Assurance Co.*, 79 Wn. App. 93, 100, 900 P.2d 595 (1995) (finding inexcusable neglect where party's failure to timely respond was due to the summons and complaint being " 'mislaid' " and, thus, not forwarded to corporate counsel). Its decision was not an abuse of discretion. *Stevens*, 94 Wn. App. at 35 (affirming denial of motion to vacate default order after concluding that trial court did not abuse discretion by finding no excusable neglect).

¶16 We, then, affirm the court's refusal to vacate the default order. We reverse the denial of ICT's motion to vacate the default judgment and remand for further proceedings.

BROWN, A.C.J., and KORSMO, J., concur.

Review denied at 169 Wn.2d 1004 (2010).