**FILED**

**JUNE 10, 2014**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CAMERON JONES, a single man, | ) | No. 31647-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAPA UNITED LLC, a Washington | ) | UNPUBLISHED OPINION |
| Limited Liability Company, doing business | ) | |
| as Wave Island Grill and Sushi Bar, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Cameron Jones appeals the trial court's decision to vacate a liability

default order against Hapa United, LLC d/b/a Wave Island Grill and Sushi Bar (Wave)

concerning personal injuries Mr. Jones alleges occurred in a bar fight at the hand of

Wave's employee. The trial court, without discussing Wave's potential defense,

reasoned the bartender served with the summons and complaint inadvertently and

mistakenly ignored them. Mr. Jones contends Wave did not present a strong or virtually

conclusive defense and its failure to appear was willful. We decide the trial court

abused its discretion when vacating the default and reverse.

FACTS

During the late hours of September 28, 2011, Mr. Jones was at Wave, a restaurant and nightclub in downtown Spokane. Mr. Jones claims he was struck in the face by one of the club's security guards with a club, and consequently he suffered a fractured jaw.

On February 13, 2012, counsel for Mr. Jones sent a letter to Noel Macagapal, who he thought was Wave's owner. The letter was sent to Mr. Macagapal at Wave's physical address. The letter requested that the matter be turned over to Wave's insurance carrier or, if no response was received by the end of the month, a lawsuit would be filed. Mr. Macapagal responded to the letter on February 20, 2012 via e-mail stating that he no longer was associated with Wave and correspondence needed to be directed to Hapa United at the same address. That same day, counsel sent a letter to Hapa United at Wave's physical address. The letter dated February 20 indicated Mr. Jones was represented by counsel, requested that Hapa United turn Mr. Jones' claim over to their liability carrier, and that a lawsuit would be filed if there was no response by the end of the month. Mr. Jones' attorney made several calls to the establishment to no avail.

Mr. Jones retained Eastern Washington Attorney Services to serve his summons and complaint on Hapa United though its registered agent Jordan Troutt. After 18 attempts to serve Mr. Troutt, service was finally perfected on Thursday, July 19, 2012 at 5:18 p.m. The process server personally handed Mr. Troutt a copy of the pleadings.

2

Mr. Troutt was bartending at the time of service, but signed a document confirming he received the summons and complaint. Mr. Troutt was 27 years old and had never been involved in a lawsuit involving a restaurant. Wave did not respond. Mr. Troutt later claimed he had not been served until shown his signature on the service papers.

On October 4, 2012, the court signed an order of default. And, on November 16, 2012, the court entered a judgment in favor of Mr. Jones for $350,000.

On November 21, 2012, counsel for Mr. Jones sent a letter to Mr. Troutt, notifying him that a judgment had been entered against Wave and that collections would commence. Wave retained counsel and responded with a motion to vacate the default order and judgment under CR 60(b). The motion alleged Wave's nonresponse was due to Mr. Troutt not remembering he had been served. In support, Wave submitted police reports, characterizing the incident as chaotic and reporting that a witness observed the bouncer strike a man in the face (apparently referring to Mr. Jones' friend). Mr. Jones stated to police that he was hit by the bouncer and "the bouncer hit him because the bouncer thought [Mr. Jones] was going to jump the guy who was running away." Clerk's Papers (CP) at 50. Mr. Jones claims he was trying to follow his friend down the street.

Without discussing whether Wave presented a conclusive defense, the court granted Wave's motion to vacate, stating, "This is your lucky day, all right? Because here is what I think happened. You thought it was going to go away and you were going to ignore it. You're real busy. Maybe you forgot about it, whatever, but you didn't really get it that this was serious business. And now we have your attention." Report of

3

Proceedings (RP) at 17. The court concluded, "but I don't think, when you get to the bottom line, [denying the motion to vacate is] doing justice. So I'm going out on a limb . . . . I'm going to say it was inadvertence, mistake on your part." RP at 17. The court did not rule or discuss whether Wave established a prima facie defense.

Mr. Jones appeals solely the vacation of the liability default order and does not challenge the trial court's vacation of the default judgment.

## ANALYSIS

The issue on appeal is whether the trial court erred by abusing its discretion in granting Wave's motion to vacate under CR 60(b)(1).

Generally, we review for abuse of discretion a superior court's ruling on a motion to vacate a default order under CR 60(b)(1). *Showalter v. Wild Oats*, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *TMT Bear Creek Shopping Center, Inc. v. Petco Animal Supplies, Inc.*, 140 Wn. App. 191, 199, 165 P.3d 1271 (2007).

Strong policy disfavors default judgments because the law favors determination of controversies on their merits. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). This policy, however, must be balanced against the "necessity of having a responsive and responsible system which mandates compliance with judicial summons." *Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson*, 95 Wn. App. 231, 237-38, 974 P.2d 1275 (1999).

4

Grounds for vacating a default judgment under CR 60(b)(1) include mistake, inadvertence, surprise, and excusable neglect. Typically, this court evaluates a motion to vacate under CR 60(b)(1) under the following four factors: (1) substantial evidence supports a prima facie defense to the claims asserted; (2) the moving party's failure to appear timely was occasioned by mistake, inadvertence, surprise, or excusable neglect; (3) the moving party acted with due diligence after notice of entry of default; and (4) no substantial hardship will result to the opposing party. *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968). "The first two factors are primary." *Luckett v. Boeing Co.*, 98 Wn. App. 307, 314, 989 P.2d 1144 (1999). The burden is on the moving party, in this case Wave, to demonstrate that the *White* factors are satisfied. *Id.* At issue here are factors one, two, and four.[1]

"To establish a prima facie defense, affidavits supporting motions to vacate default judgments must set out the facts constituting a defense and cannot merely state allegations and conclusions." *Shepard Ambulance*, 95 Wn. App. at 239. Here, Wave submitted with its motion to vacate police reports from the night in question. The reports show the incident was chaotic with several individuals fighting. A witness reported she was waiting in line at Wave and observed one of the club's bouncer's strike a man. The report indicates Mr. Jones told a responding officer a bouncer hit him

---

[1] While the trial court based its decision solely on factor two, the parties raised, briefed and argued all factors below; thus, consideration of the three factors raised here is appropriate. *See Graham Neighborhood Ass'n v. F.G. Assocs.*, 162 Wn. App. 98, 111, 252 P.3d 898 (2011) (appellate courts have discretion to decide an issue raised by party below but not addressed by trial court).

and he thought it was "because the bouncer thought [Mr. Jones] was going to jump the guy who was running away." CP at 50. Under RCW 9A.16.020(3), the use, attempt, or offer to use force is lawful if, "used by a party about to be injured, or by another lawfully aiding him or her." Defense of others would, therefore, negate negligence. While Wave does not present a conclusive defense, it provides a prima facie defense sufficient to carry the issue of liability forward. *White*, 73 Wn.2d at 352-53.

Next, regarding mistake or inadvertence, when the moving party does not have a virtually conclusive defense, the reason for the party's delay is also a primary factor to be weighed by the trial court. *White*, 73 Wn.2d at 353-54. Whether a party's failure to appear constitutes excusable neglect depends on the case facts. *Griggs*, 92 Wn.2d at 582. The moving party must show his or her failure to timely appear and respond was due to mistake, inadvertence, surprise, or excusable neglect. CR 60(b)(1).

In *White*, the plaintiff's complaint alleged Mr. Holm was negligent when he ran into her on foot outside his business, causing her to fall and break her leg. *White*, 73 Wn.2d at 349. Defendant Holm first heard about the suit in a radio newscast and immediately consulted his insurance agent, an insurance adjuster, and a separate attorney. As a result of these conversations, and an agreement the adjuster had Mr. Holm sign, Mr. Holm believed "although coverage was questioned, his insurance carrier would provide legal counsel." *Id.* at 349. Once he was served, Mr. Holm sent the papers to the insurance adjuster, who forwarded them to the insurance carrier with a statement that Mr. Holm would be represented by his own attorney until coverage was

determined. "Because of this misunderstanding as to who would provide interim legal counsel," Mr. Holm failed to timely appear or answer. *Id.* at 350. Our Supreme Court found this was an excusable mistake. *Id.* at 355.

Similarly, in *Calhoun v. Merritt*, 46 Wn. App. 616, 618, 731 P.2d 1094 (1986), the defendant did not answer the summons and complaint because he believed his insurer was already involved in the case. And, in *Berger v. Dishman Dodge, Inc.*, 50 Wn. App. 309, 748 P.2d 241 (1987), the defendant did not appear because the insurance company's claims manager sent the wrong case file to the assigned law firm. Although this mistake was not discovered until after entry of the default judgment, it was held that the trial court properly vacated the default judgment because the "insured had no reason to believe that his interests were not being protected after promptly forwarding the documents to the insurer." *Id.* at 312. The courts found the oversights excusable.

Here, Mr. Troutt received communication that a lawsuit was forthcoming. He was served with a summons and complaint (after 18 attempts) and provided a signed acknowledgement that he received the documents. He, then, did nothing. No evidence shows he contacted Wave's insurance carrier or an attorney as in *White*, *Calhoun*, or *Berger*. Initially, Mr. Troutt denied service but later conceded his signature was on the service documents. To justify his lack of action, Mr. Troutt maintains he forgot because he was exceptionally busy tending bar on a Thursday afternoon.

This case is analogous to *Brooks v. University City, Inc.*, 154 Wn. App. 474, 225 P.3d 489 (2010). There, the defendant was served with a summons and negligence

7

complaint, but the defendant did not respond. After a default judgment was entered, the trial court denied the defendant's request to vacate, finding the defendant's agent "got it, sat on it, didn't do anything." *Brooks*, 154 Wn. App. at 479. This court affirmed, holding "The trial court, then, had tenable reasons to conclude that [the defendant] failed to show excusable neglect." *Id.* at 479-80. Similarly, in *TMT Bear Creek*, Division One of this court held a breakdown in the internal office management and procedure does not constitute excusable neglect justifying failure to respond to a properly served summons and complaint. 140 Wn. App. at 212-13. Lastly, Division Two of this court held in *Prest v. Am. Bankers Life Assurance Co.*, 79 Wn. App. 93, 99-100, 900 P.2d 595 (1995) that a defendant's non-response was unexcusable when the summons and complaint were "mislaid" and not "forward[ed] . . . to the proper personnel."

While the trial court in this case has considerable discretion and showed compassion for Wave's predicament, compassion alone does not offset Wave's complete lack of response to service. In other words, the trial court's decision to vacate the default order lacks tenable grounds or reasons to justify a complete non-response to a properly served summons and complaint. Balancing the policy favoring the determination of controversies on their merits and the necessity of having a responsive system that mandates compliance with judicial summons, we conclude Wave's explanations do not amount to excusable neglect.

Because Wave does not establish a conclusive defense and does not show excusable mistake or inadvertence, it has not met its burden justifying vacation of the

8

No. 31647-5-III
*Jones v. HAPA United, LLC*

default order under CR 60(b)(1). Accordingly, the trial court erred in vacating the order.

Reversed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____          _____
Siddoway, C.J.                           Lawrence-Berrey, J.

9