# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

JAMES L. SELLERS, Guardian ad Litem of
NATHAN TONEY, a minor,

                          Appellant,

     v.

LONGVIEW ORTHOPEDIC ASSOCIATES,
PLLC,

                         Respondent.

No. 52327-2-II

PUBLISHED OPINION

MAXA, C.J – James Sellers appeals the trial court's order setting aside a default order
entered against Longview Orthopedic Associates, PLLC (LOA).

Sellers, as guardian ad litem for a minor child, filed a lawsuit against LOA to recover
damages for alleged medical negligence in the treatment of the child. LOA forwarded the
complaint to its insurer, who informed LOA that an attorney would be assigned to defend LOA.
But the insurer-retained attorney failed to file a notice of appearance or an answer, and Sellers
obtained an order of default against LOA. After LOA promptly filed a motion to set aside the
default order, the trial court found that the failure to appear or answer resulted from defense
counsel's inexcusable neglect but that LOA was blameless. As result, the court found "good
cause" to set aside the default order under CR 55(c)(1).

We hold that (1) when the trial court found that the insurer-retained defense attorney's neglect in failing to answer was inexcusable but the defendant was blameless, the trial court had discretion whether or not to find good cause to vacate the default order; and (2) the trial court did not abuse its discretion under the facts of this case. Accordingly, we affirm the trial court's order setting aside the default order under CR 55(c)(1) and remand for further proceedings.

FACTS

On December 14, 2017, Sellers filed a lawsuit against LOA to recover damages for alleged medical negligence involving a minor child. LOA was served with the summons and complaint on December 21. LOA forwarded the summons and complaint to its insurer, which retained attorney Amy Forbis to represent LOA and informed LOA that defense counsel had been assigned. However, Forbis failed to file a notice of appearance on behalf of LOA or an answer to the complaint.

Sellers filed a motion for default on January 16, 2018 based on LOA's failure to file an answer within 20 days after service of the summons and complaint. The trial court entered an order of default on the same day.

On January 21, Forbis discovered that no notice of appearance had been filed and that the trial court had entered a default order. The next day, she filed on behalf of LOA a motion under CR 55(c)(1) to set aside the trial court's default order. Forbis argued that LOA's failure to appear was due to her mistake. In her supporting declaration, Forbis stated that her law firm's usual practice was to file a notice of appearance upon receipt of a case assignment. She attributed her failure to file a notice of appearance to a clerical error and her focus on preparing for an upcoming trial. In a supplemental declaration, Forbis emphasized that "[LOA] is blameless for this error, over which they had no control." Clerk's Papers (CP) at 68-69.

The trial court granted LOA's motion to set aside the default order. The court found that LOA failed to appear or answer within 20 days due to the inexcusable neglect of defense counsel. But the court also found that these "failures to answer or appear were in no way related to the conduct of [LOA], and/or its insurer, who were both blameless in this regard." CP at 193. In addition, the court found that Forbis diligently moved to have the default order set aside. Finally, the court found that Sellers would not be prejudiced by setting aside of the default order. However, the court awarded Sellers attorney fees and costs incurred in obtaining the default order and resisting LOA's efforts to have the order set aside.

In granting Forbis's motion to set aside the default order, the trial court certified under RAP 2.3(b)(4) that its order involved a controlling question of law appropriate for immediate review: whether this court's decision in *VanderStoep v. Guthrie*, 200 Wn. App. 507, 402 P.3d 883 (2017), *review denied*, 189 Wn.2d 1041 (2018), should be extended to cases where a default order is entered against a blameless defendant because of the inexcusable neglect of that party's counsel. A commissioner of this court granted discretionary review.

ANALYSIS

A.    LEGAL PRINCIPLES

1.    Setting Aside Default Order

The general rule is that a defendant must file an answer within 20 days after service of the summons and complaint. CR 12(a)(1). Under CR 55(a)(1), a plaintiff can move for default if the defendant fails to answer or otherwise defend within 20 days. Defendants are entitled to notice of the motion only if they have appeared in the action. CR 55(a)(3). Once a default order has been entered, a plaintiff can obtain a default judgment under certain circumstances. CR 55(b).

CR 55(c)(1) provides that a trial court may set aside a default *order* "[f]or good cause shown and upon such terms as the court deems just." CR 55(c)(1) also states that a court may set aside a default *judgment* in accordance with CR 60(b), which addresses the vacation of judgments. These are different standards. *In re Estate of Stevens*, 94 Wn. App. 20, 30, 971 P.2d 58 (1999).

The analysis for setting aside a default *judgment*, first articulated in *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968), is well settled:

> A party moving to vacate a default judgment must be prepared to show (1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated.

*Little v. King*, 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007); *see also VanderStoep*, 200 Wn. App. at 517.

The test for setting aside a default *order* is less clear. The general rule is that "[t]o establish good cause under CR 55, a party may demonstrate excusable neglect and due diligence." *Estate of Stevens*, 94 Wn. App. at 30. These two factors mirror the second and third factors in the default judgment test.[1] But unlike for a default judgment, a showing of a meritorious defense is not required to set aside a default order. *Id.*

In addressing whether to set aside a default judgment, this court in *VanderStoep* identified three guiding principles: (1) default judgments are disfavored because the preference is to resolve cases on the merits, (2) deciding whether to set aside a default judgment is a matter of

---

[1] Presumably, "excusable neglect" may encompass a wide range of reasonable excuses. For instance, a defendant might be able to show good cause by establishing mistake, inadvertence, or surprise in addition to excusable neglect, consistent with the second factor for setting aside a default judgment.

equity and the "primary concern is whether justice is being done," and (3) "[w]hat is just and equitable must be determined based on the specific facts of each case." 200 Wn. App. at 517-18. We believe that these same general principles apply when evaluating a motion to set aside a default order.

2. Standard of Review

Whether to set aside a default order is within the trial court's discretion, and therefore we review the trial court's decision for an abuse of discretion. *Estate of Stevens*, 94 Wn. App. at 29. "The decision to vacate an order of default is addressed to the sound discretion of the trial judge, and we will not reverse that decision absent a showing that the trial judge abused her discretion." *Brooks v. Univ. City, Inc.*, 154 Wn. App. 474, 479, 225 P.3d 489 (2010).

While acknowledging this general rule, Sellers argues that some of the issues in this case are questions of law that must be reviewed de novo. We agree that to the extent this case requires an interpretation of the meaning of "good cause" in CR 55(c)(1), our review is de novo. The interpretation of a court rule is a matter of law that we review de novo. *Dan's Trucking, Inc. v. Kerr Contractors, Inc.*, 183 Wn. App. 133, 139, 332 P.3d 1154 (2014).

However, whether a party's conduct amounts to excusable neglect and whether the party acted with due diligence in moving to set aside the default are reviewed for abuse of discretion. *See Brooks*, 154 Wn. App. at 479-80 (affirming the trial court's refusal to set aside a default order because the trial court had tenable reasons to conclude that the defendant failed to show excusable neglect); *Seek Systems, Inc. v. Lincoln Moving/Global Van Lines, Inc.*, 63 Wn. App. 266, 271-72, 818 P.2d 618 (1991) (stating that it was within the trial court's discretion to conclude that the defendant's neglect was not excusable and that the defendant failed to exercise

due diligence). "The trial court has broad discretion over the issue of excusable neglect." *VanderStoep*, 200 Wn. App. at 526.

In addition, we confirm the general rule that we review for an abuse of discretion the trial court's ultimate determination regarding the existence of good cause to set aside a default order. *Brooks*, 154 Wn. App. at 479; *Estate of Stevens*, 94 Wn. App. at 29. And we are less likely to find an abuse of discretion when a trial court sets aside a default order than when a trial court denies a motion to set aside a default order. *See VanderStoep*, 200 Wn. App. at 518 (applying this principle to judicial review of a default judgment rather than a default order).

3. *VanderStoep* Holding

In *VanderStoep*, the plaintiffs filed a lawsuit against the defendants relating to a car accident. 200 Wn. App. at 513. Upon being served with the complaint, the defendants notified their insurer and followed up with two telephone messages. *Id*. at 513-14. However, the insurer failed to arrange for an attorney to represent them. *See id*. at 514. No attorney appeared for defendants in the lawsuit and plaintiffs obtained a default order and default judgment. *Id*. at 514-15. The trial court denied the defendants' motion to set aside the default judgment. *Id.* at 516.

On appeal, this court noted a line of cases addressing when a defendant notifies a liability insurer of a lawsuit and the insurer without a legitimate excuse fails to arrange for defense counsel. *Id.* at 527-29. The court stated, "In this situation, the general rule is that the trial court should focus on whether the defendant, not the insurer, acted with excusable neglect." *Id.* at 528.

The court cited to *White*, 73 Wn.2d at 354, where the Supreme Court stated that an insurer's culpable neglect should not be imputed to a blameless defendant. *VanderStoep*, 200 Wn. App. at 528. Further, the court noted that " 'we would be most reluctant to hold that [the

6

defendant] tendered the defense of the action to the insurer at his peril.' " *Id.* (quoting *White*, 73 Wn.2d at 355).

The court in *VanderStoep* held that when a defendant properly notifies its insurer that a complaint has been served and the insurer fails to arrange for a timely appearance or answer without a legitimate excuse, the insurer's inexcusable neglect should not be imputed to the blameless defendant. 200 Wn. App. at 533-34. The focus must be on the defendant's conduct, not the insurer's conduct. *See id.* at 532-34.

B.    DETERMINATION OF "GOOD CAUSE" UNDER CR 55(c)(1)

Sellers argues that the trial court erred in setting aside the default order because defense counsel's inexcusable neglect necessarily precludes a finding of good cause under CR 55(c)(1). He claims that this court should not extend the holding in *VanderStoep* that the inexcusable neglect of a defendant's insurer cannot be imputed to the defendant to the situation where a default order resulted from the inexcusable neglect of defense counsel rather than the defendant's insurer.

We need not decide whether the *VanderStoep* holding applies here. Instead, we conclude that a finding of excusable neglect is not always required for a trial court to find good cause to set aside a default order and hold that the trial court here did not abuse its discretion in setting aside the default order here based on the specific facts of this case.

1.    Requirement of Excusable Neglect

Sellers argues that a defendant always must establish excusable neglect in order to show "good cause" under CR 55(c)(1), and that a trial court's finding of inexcusable neglect here necessarily precluded a finding of good cause. We disagree.

Sellers relies on this court's decision in *Estate of Stevens*, where the court affirmed a denial of a motion to set aside a default order. 94 Wn. App. at 22-23. As noted above, the court stated the general rule that a defendant may establish good cause by showing excusable neglect and due diligence. *Id.* at 30.

The court also stated that the trial court had found no excusable neglect, "without which neither an order of default nor a default judgment can be vacated." *Id.* at 30. The court concluded that although the trial court improperly considered whether the defendant had a meritorious defense, that error was harmless because the trial court concluded that there was no excusable neglect. *Id.* at 31. Finally, the court decided that it did not need to address due diligence because there was no excusable neglect. *Id.* at 35. Sellers claims that these statements indicate that the trial court's finding of no excusable neglect was determinative and that such a finding always precludes a showing of good cause.

Sellers also relies on *Brooks*, where the court affirmed a denial of a motion to set aside a default order. 154 Wn. App. at 476. The court stated, "A default order may be set aside upon a showing of good cause, i.e., a showing of excusable neglect and due diligence." *Id.* at 479. This statement seems to equate good cause with excusable neglect. The court held that the trial court did not err in refusing to set aside the default order because of the trial court's conclusion that the defendant failed to show excusable neglect. *Id.* at 479-80; *see also In re Welfare of S.I.*, 184 Wn. App. 531, 544-45, 337 P.3d 1114 (2014) (holding that the trial court did not err in denying a motion to set aside a default order when the court found no excusable neglect and no due diligence).

However, other cases establish that there can be good cause to set aside a default order without a showing of excusable neglect. In *Canam Hambro Systems, Inc. v. Horbach*, the court

reversed the denial of a motion to set aside a default order for good cause based on a reason besides excusable neglect. 33 Wn. App. 452, 456, 655 P.2d 1182 (1982). The court stated that "excusable neglect and a meritorious defense *are not necessarily required* to set aside an order of default as opposed to a default judgment." *Id.* (emphasis added). The court noted that "[a]n asserted defense to an action is good cause to set aside an order of default." *Id.* at 455. The court did not base its finding of good cause on excusable neglect.

The reference in *Canam Hambro* to the existence of a defense is consistent with the rule for setting aside default judgments. "When the defendant can demonstrate a strong or virtually conclusive defense, a default judgment generally should be set aside regardless of why the defendant failed to timely appear unless that failure was willful or the secondary *White* factors are not satisfied." *VanderStoep*, 200 Wn. App. at 518.

And in *Seek Systems*, this court stated that two factors "to be considered" in setting aside a default order are excusable neglect and due diligence. 63 Wn. App. at 271. But the court did not hold that a finding of excusable neglect was required to set aside a default order.

Tegland emphasizes that CR 55(c)(1) "is deliberately vague, in order to allow the court considerable discretion to fashion fair and reasonable results on a case-by-case basis." 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 55 author's cmt. 20, at 362 (6th ed. 2013).

We conclude that although excusable neglect often will be a key factor for a trial court to consider in determining whether good cause exists to set aside a default order under CR 55(c)(1), excusable neglect is not always required. The trial court in the exercise of its discretion and to fashion a fair and reasonable result may find good cause based on appropriate facts even if the default resulted from defense counsel's inexcusable neglect.

2. Trial Court's Exercise of Discretion

As noted above, whether to set aside a default order is within the trial court's sound discretion. *Brooks*, 154 Wn. App. at 479. And the trial court must focus on what is just and equitable under the specific facts of the case. *VanderStoep*, 200 Wn. App. at 517-18. Therefore, "good cause" under CR 55(c)(1) must be a flexible concept that involves the trial court's exercise of discretion based on the particular facts of each case.

Here, the trial court made four key factual findings: (1) LOA's failure to answer was due to defense counsel's inexcusable neglect, (2) the failure to answer was not related to LOA's conduct and LOA was blameless in that regard, (3) LOA diligently moved to set aside the default order, and (4) setting aside the default order would not prejudice Sellers.

Defense counsel's inexcusable neglect certainly is an important factor for a trial court to consider in deciding whether to set aside a default order. *See Estate of Stevens*, 94 Wn. App. at 30-31. But a trial court also can consider the defendant's conduct and whether the defendant played any role in the entry of the default order. *See Akhavuz v. Moody*, 178 Wn. App. 526, 537-38, 315 P.3d 572 (2013) (considering the defendant's inattention to the case in declining to set aside a default judgment). In addition, due diligence is an established factor that can be considered. *Estate of Stevens*, 94 Wn. App. at 30. And because a trial court must determine what is just and equitable, it is not inappropriate for a court to consider prejudice to the plaintiff.

We conclude that even though the default order here resulted from defense counsel's inexcusable neglect, the trial court had the discretion to find good cause to set aside the default order based on LOA's blameless conduct, LOA's due diligence, and the lack of prejudice to Sellers. And we hold that the trial court did not abuse that discretion under the specific facts of this case.

CONCLUSION

We hold that the trial court did not abuse its discretion in finding good cause to set aside the default order under CR 55(c)(1).  Accordingly, we affirm the trial court's order setting aside the default order and remand for further proceedings.

MAXA, C.J.

We concur:

SUTTON, J.

GLASGOW, J.