# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MDB LANDMARK LLC,<br><br>    Respondent,<br><br>    v.<br><br>WILLIAM WASHINGTON,<br><br>    Appellant. | No. 84855-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — William Washington appeals an order granting MDB Landmark LLC's motion to find him in default and an order denying Washington's motion to vacate that default order. Because he provides no basis for relief, we affirm.

I

On October 14, 2022, MDB's attorney signed a complaint, alleging it owned a commercial property, Washington was a tenant of that property, and he failed to pay rent and other lease charges for months before vacating the premises. MDB requested a judgment against Washington and an award of attorney fees and costs. On October 17, 2022, MDB's attorney signed a summons.

The same day, MDB's attorney signed a letter addressed to Washington, informing him that he has been served with a lawsuit but it had not been filed in court yet. MDB requested a settlement offer within seven days of service of the lawsuit to resolve the dispute "without going through the court." In the absence of progress toward reaching a settlement, MDB would proceed with filing the lawsuit

with the court. If Washington did not timely respond, MDB would file the lawsuit and seek a default judgment. MDB cautioned Washington to "[r]eview closely the deadline in your summons." On October 20, 2022, MDB caused the letter, complaint, and summons to be served on Washington.

On November 10, 2022, the day after the 20 day deadline for Washington to answer the complaint, MDB filed the complaint, summons, a motion for default, and a calendar notice for the motion, and requested a hearing date for November 28, 2022. In its declaration in support of its motion, MDB stated, "No one has answered for defendant William Washington. Defendant has emailed me, so we are giving him notice of this motion by email and emailing him the pleadings." MDB timely served the motion on Washington via U.S. Mail. The same day, MDB asserts, it received a letter in which Washington stated he received MDB's October 17, 2022 letter. Washington requested from MDB the amount he allegedly owed and any ledger or itemized account statement MDB relied on to support its claim.

In an e-mail exchange on November 11, 2022, MDB told Washington they would "stay the lawsuit" if he came current with back rent and stayed current until the space was filled. Washington replied, "[W]e are certainly not in a position to come current or continue paying the lease which is why we are at this point in the first place," and asked for a current balance. MDB noted the current balance owed at that time was "roughly 21,000." On November 12, 2022, Washington offered $10,500 to be paid over 120 days to settle the matter, which MDB rejected two days later. Washington did not respond to the motion for default. On November

23, 2022, the superior court granted MDB's motion for an order of default against Washington.

On November 28, 2022, Washington moved to vacate the default order. Washington argued he did not believe there was a deadline to submit an answer or formally appear until after negotiations broke down and the superior court improperly signed an order granting a default judgment five days before the hearing was scheduled. MDB opposed Washington's motion, arguing it never received a settlement offer within seven days after service of the lawsuit, Washington's offer came after receiving MDB's motion for default, Washington never asked for a continuance of the motion, and Washington never filed or served an answer.

On December 13, 2022, the superior court signed an order denying Washington's motion to vacate the default order finding, "Defendant has not shown good cause under CR 55(c)." The order was filed the following day. On December 27, 2022, MDB filed a motion for entry of judgment and for attorney's fees and costs. Washington appeals.

II

A

We begin by identifying what orders and arguments are properly before us.

Washington's notice of appeal designates the November 23, 2022 order granting MDB's motion for order of default. He did not designate the December 14, 2022 order denying his motion to vacate the default. However, he attached both orders to his notice of appeal. A notice of appeal must designate the decision

3

that the appealing party wants reviewed and the party filing the notice of appeal should attach to the notice a copy of the signed order or judgment from which the appeal is made. RAP 5.3(a). We will disregard defects in the form of a notice of appeal if the notice clearly reflects an intent by a party to seek review. RAP 5.3(f). Because Washington attached both orders and clearly argues the denial of his motion to vacate was erroneous, we exercise our discretion to review both orders. See S & K Motors, Inc. v. Harco Nat'l Ins. Co., 151 Wn. App. 633, 639, 213 P.3d 630 (2009) (exercising discretion to review an undesignated, final appealable order after finding the notice of appeal clearly reflected the appellant's intent to seek review of the issues decided in that order).

Absent broad references to the "United States Constitution" and "Washington State Constitution" and a citation to a case we have not been able to locate,[1] Washington has not cited authority in support of his arguments on an alleged due process violation. "We generally 'do not address issues that a party neither raises appropriately nor discusses meaningfully with citations to authority.' " CalPortland Co. v. LevelOne Concrete, LLC, 180 Wn. App. 379, 392, 321 P.3d 1261 (2014) (quoting Saviano v. Westport Amusements, Inc., 144 Wn. App. 72, 84, 180 P.3d 874 (2008). We recognize that Washington is a pro se litigant, but we hold pro se litigants to the same standards as attorneys. In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). Despite the lack of authority cited in his brief, the basis for Washington's appeal is

---

[1] Washington cites "Hylton v. Arete Joint Venture (833 P.2d 380)." Entering the reporter citation into Westlaw's search bar directs us to Bird-Johnson Corp. v. Dana Corp., 119 Wn.2d 423, 432, 833 P.2d 375 (1992).

clear. MDB did not file a brief with this court and therefore does not allege any unfair prejudice resulting from the adequacy of Washington's briefing.[2] Accordingly, we exercise our discretion and consider Washington's arguments.

B

Washington argues his due process rights were violated when the superior court denied his motion to vacate the default order due to "procedural irregularities" and despite Washington's ongoing negotiations with MDB. We disagree.

Due process requires only that a party receive proper notice of proceedings and an opportunity to present their position to the court. Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 697, 41 P.3d 1175 (2002). A defendant must file an answer to a complaint within 20 days after service of the summons and complaint. CR 12(a)(1). A summons must require the defendant to serve a copy of the defendant's answer based on the same time period. CR 4(a)(2). King County Local Civil Rules (KCLCR) 7(b)(4)(A) requires a moving party to serve and file all motion documents no later than nine judicial days before the date the party wishes the motion to be considered. A response must be served and filed no later than four judicial days before the date the motion is to be considered. KCLCR 7(b)(4)(D).

Washington's due process rights were not violated. MDB's summons complies with the requirements of CR 4(a)(2). The summons informed

---

[2] In a letter dated April 2, 2024, MDB advised this court that "[d]ue to costs, MDB Landmark will not be filing a brief of respondent in this matter. MDB Landmark leaves it to this Court to determine, under the facts and applicable law, the merits of the trial court's order declining to vacate."

Washington that a lawsuit had been commenced against him and in order to defend against the lawsuit, Washington was required to respond to the complaint by stating his defense in writing and serving a copy within 20 days after service of the summons. The summons told Washington that he may demand MDB file the lawsuit with the court. After MDB filed its motion for default to be heard on November 28, 2022, KCLCR 7(b)(4)(D) required Washington to file a response no later than November 21, 2022. Because the motion was to be heard without oral argument and Washington failed to file a response on that day, the superior court granted MDB's motion, albeit before the hearing date. Even if settlement negotiations could be considered ongoing, the deadlines imposed by the state and local court rules were unchanged. Washington received proper notice of the proceedings and an opportunity to present his position to the court, and due process requires no more.

When a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by the rules and that fact is made to appear by motion and affidavit, a motion for default may be made. CR 55(1)(a). The court may set aside an entry of default "[f]or good cause shown and upon such terms as the court deems just." CR 55(c)(1). "The general rule is that '[t]o establish good cause under CR 55, a party may demonstrate excusable neglect and due diligence.' " Sellers v. Longview Orthopedic Assocs., PLLC, 11 Wn. App. 2d 515, 520, 455 P.3d 166 (2019) (alteration in original) (quoting In re Estate of Stevens, 94 Wn. App. 20, 30, 971 P.2d 58 (1999)). Because a trial court must determine what is just and equitable, a court may consider any prejudice to

the plaintiff. Id. at 526. Unlike for a default judgment, a showing of a meritorious defense is not required to set aside a default order. Id. at 520. Nevertheless, if a party offers evidence of a meritorious defense, a trial court more likely abuses its discretion should it fail to vacate a default order. In re Welfare of S.I., 184 Wn. App. 531, 544, 337 P.3d 1114 (2014). Three general principles apply when evaluating a motion to set aside a default order: (1) default orders are disfavored because the preference is to resolve cases on the merits, (2) deciding whether to set aside a default order is a matter of equity and the " 'primary concern is whether justice is being done,' " and (3) " '[w]hat is just and equitable must be determined based on the specific facts of each case.' " Sellers, 11 Wn. App. 2d at 520 (alteration in original) (quoting VanderStoep v. Guthrie, 200 Wn. App. 507, 517, 402 P.3d 883 (2017)). Balanced against the courts' preference to resolve cases on the merits is the "necessity of having a responsive and responsible system which mandates compliance with judicial summons, that is, a structured, orderly system not dependent upon the whims of those who participate." Griggs v. Averbeck Realty, Inc., 92 Wn.2d 576, 581, 599 P.2d 1289 (1979).

The superior court's ultimate determination regarding the existence of good cause to set aside a default order is reviewed for abuse of discretion. Sellers, 11 Wn. App. 2d at 520. A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006). We are less likely to find an abuse of discretion when a superior court sets aside a default order than when a trial court denies a motion to set aside a default order. Sellers, 11 Wn. App. 2d at 521.

7

But if the superior court's decision on a motion to vacate a default order " 'is based upon tenable grounds and is within the bounds of reasonableness, it must be upheld.' " Stevens, 94 Wn. App. at 30 (quoting Lindgren v. Rodes, 58 Wn. App. 588, 595, 794 P.2d 526 (1990)).

In S.I., the court held that the superior court did not abuse its discretion when it denied a motion to set aside a default order. 184 Wn. App. at 544. The State filed a petition for termination of the parent-child relationship. Id. at 536. The parent's social worker personally served the mother with the petition as well as a notice and summons. Id. The notice warned that if she failed to appear for the hearing, " 'the court may enter an order in your absence permanently terminating your parental rights.' " Id. The notice explained important rights, including contact information for appointment of counsel. Id. The parent did not appear at the courthouse for the hearing, and a week later, the State filed a motion for default, which the superior court granted. Id. at 536-37. The S.I. court affirmed, finding the parent's failure to read the termination petition and summons to appear was not excusable neglect because she was aware her children were dependent and her parental rights were in jeopardy. Id. at 544. The parent did not demonstrate due diligence because she failed to contact her attorney until months after appointment. Id. at 545. The S.I. court noted the parent did not offer any evidence of a meritorious defense and the trial court properly considered the likely result of the termination proceeding to support its decision. Id. at 544-45.

Washington decisions have upheld conclusions there was no excusable neglect even in cases where mistakes led to parties lacking or mislaying notice of

suit. In Brooks v. University City, Inc., a corporation's registered agent failed to forward the summons. 154 Wn. App. 474, 479, 225 P.3d 489 (2010). The defendant first appeared in the lawsuit more than two years after being properly served with a summons because its registered agent failed to forward the summons to its legal department. Id. The Brooks court held that the trial court had tenable reasons to conclude that the defendant failed to show excusable neglect. Id. at 479-80. In Prest v. American Bankers Life Assurance Co., an insurance company employee was out of town and process was " 'mislaid.' " 79 Wn. App. 93, 100, 900 P.2d 595 (1995). We held the trial court erred by finding this was excusable, and reversed its order vacating a default judgment. Id. at 100-01.

Under the CR 55(c)(1) "good cause" standard, the superior court had a tenable basis to conclude Washington did not demonstrate good cause for failing to file an answer or respond to MDB's motion for default. MDB advised Washington that it would file its lawsuit and motion for default after Washington did not file an answer. MDB advised Washington that it would proceed with the lawsuit should the parties fail to make progress in settlement negotiations, and MDB rejected his settlement offer. Washington received process and motion papers indicating a need to serve a response in writing to the lawsuit. Washington's belief that the parties were in negotiations did not vitiate his responsibilities to adhere to the court rules. His failure to file an answer resulted from inexcusable neglect and he never offered any evidence of a meritorious defense. While Washington timely moved to vacate the default order, he nevertheless did not show justification for

not answering. The superior court did not abuse its discretion by finding Washington had not shown good cause to vacate its default order.

Affirmed.

_Birk, J._

WE CONCUR:

_Feldman, J._          _Smith, C.J._