**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| MICHAEL DAHLE, | No. 59462-5-II |
| Appellant, | |
| v. | |
| SHARLENE WICKLUND, | UNPUBLISHED OPINION |
| Respondent, | |
| MELINDA WILSON, and unidentified agents, guests, and invitees JOHN DOE and JANE DOE, | |
| Defendants. | |

VELJACIC, A.C.J. — Michael Dahle and Sharlene Wicklund own adjacent property. When a dispute arose over a portion of Wicklund's property that was used by Dahle, Dahle filed a complaint for injunctive relief and quiet title. Wicklund counter sued. Dahle did not respond and the trial court granted Wicklund's motion for default on her counterclaims and later granted her motion for summary judgment on all matters.

Dahle moved to vacate the default order, which the court denied. Dahle appeals, contending the court abused its discretion by not considering all the required factors in denying his motion to vacate the default order and by finding he did not show excusable neglect. We affirm the trial court's order denying Dahle's motion to vacate.

FACTS

In 2020, Dahle purchased waterfront property in Wahkiakum County. In 2022, Wicklund purchased the neighboring property. Several fixtures associated with Dahle's property encroached onto Wicklund's property. A disagreement arose between Dahle and Wicklund regarding the use of this portion of the land.

On May 10, 2023, Dahle filed a complaint for injunctive relief and quiet title against Wicklund.[1] On June 26, Wicklund filed her answer and counterclaims. Claiming title to the disputed area, Wicklund countered with allegations of trespass, nuisance, and unlawful conversion. Wicklund also requested injunctive relief. A motion hearing was held on June 27, where the parties appeared via Zoom. Wahkiakum County's Local General Rule 1 permits parties to request to appear remotely.

Counsel for Dahle filed a notice of withdrawal on August 24. Dahle alleges that counsel did not inform him that Wicklund had filed counterclaims.

Dahle did not answer Wicklund's counterclaims, and on November 13, after waiting almost three months from the notice of Dahle's counsel's withdrawal and not receiving any filings from Dahle, Wicklund filed a motion for default on her counterclaims. She also filed a motion for summary judgment.

Dahle received notice of the motion for default on November 14 and motion for summary judgment on November 17. Dahle was also notified that the motion for default would be heard on

---

[1] Dahle's complaint also named Melinda Wilson and John and Jane Doe as agents, guests, and invitees. Dahle later moved to withdraw all claims against these individuals. While our record does not include an order granting the motion, Dahle states in his opening brief that the trial court granted the motion.

November 20, and the motion for summary judgment would be heard on December 18. Dahle failed to respond to either motion or to appear at either hearing.

On November 20, the trial court found that Dahle had been served with Wicklund's counterclaims almost five months prior and failed to answer or defend against the counterclaims. Because of Dahle's failure to answer the counterclaims, the court entered a default order against him on Wicklund's counterclaims.

Regarding Wicklund's motion for summary judgment, Wicklund requested summary judgment on Dahle's claims against her and her counterclaims against him. On January 22, 2024, the court entered summary judgment in Wicklund's favor.

On January 26, Dahle filed a motion to vacate the default order "entered on November 20, 2023" under "CR 55(c)(1)." Clerk's Papers (CP) at 123. Dahle's reply to Wicklund's response also only referenced the "November 20, 2023" default order. CP 147. And Dahle's counsel stated during the hearing that the motion involved vacating the default order, not a judgment, because "[w]e're not even to the point of a default judgment in this case. We're only at the point of a default order." Report of Proceedings (RP) at 17.[2] Dahle's counsel confined his arguments to establishing excusable neglect and due diligence.

To support his motion to vacate the default order, Dahle provided a declaration explaining why he failed to answer. Dahle declared that he had difficulty obtaining new counsel after his attorney withdrew. Dahle also stated that he was providing consulting services as a tax assessor in Alaska. During this time, he experienced significant stress because several property owners were critical of his assessment work and attacked his personal and professional character.

---

[2] Dahle's counsel alleged that they were "unaware" of the summary judgment order entered on January 22. Appellant's Br. at 17, n.1; Reply Br. at 2.

Ultimately, he was discharged, which caused Dahle extra work to prepare the office to move forward in his absence.

Dahle declared that he was also occupied at this time with settling his parents' estates. His father died in the summer of 2020, and his mother died in 2022.

Dahle declared that he was also facing health concerns. On January 6, 2024, Dahle suffered a massive heart attack, which led to surgery to place three stents in his coronary arteries. After being released from the intensive care unit, he was able to secure counsel. Dahle declared that at this point he had contacted at least 20 different law firms before retaining his current attorneys.

On March 19, 2024, the trial court entered an order, denying Dahle's motion to vacate the November 20, 2023 default order. The court entered findings of fact, setting forth the timeline of events. The court also entered conclusions of law, highlighting the court's responsibility to balance the preference to decide cases on the merits with the need for an organized judicial system where litigants comply with court rules. The court concluded that Dahle was required to show "that he acted with excusable negligence and with diligence" and he failed to do so. CP at 159. The court further concluded, "Many of the issues cited [by Dahle] would have been grounds for a request for a continuance . . . but to not even appear at two court hearings is not excusable and does not meet even a low threshold of 'excusable neglect.'" CP at 159.

Dahle appeals.

## ANALYSIS

Dahle contends that the trial court abused its discretion in denying his motion to vacate the default order against Wicklund. He argues that the court abused its discretion by not considering all the required factors when granting Wicklund's default motion and by finding Dahle's failure to respond was not the result of excusable neglect. We disagree.

4

I.      LEGAL PRINCIPLES

Generally, default orders are disfavored in Washington based on an overriding policy which prefers that parties resolve disputes on the merits. *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). But we also value an organized, responsive, and responsible judicial system where litigants comply with court rules. *Id.*. "The fundamental principle when balancing these competing policies is 'whether or not justice is being done.'" *Id.* (quoting *Griggs v. Averbeck Reality, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979)).

We review a trial court's ruling on a motion to vacate a default order for abuse of discretion. *VanderStoep v. Guthrie*, 200 Wn. App. 507, 518, 402 P.3d 883 (2017). A trial court abuses its discretion by making a decision that is manifestly unreasonable or by basing its decision on untenable grounds or untenable reasons. *Id*.

CR 55(c)(1) provides, "For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with [CR] 60(b)." "'To establish good cause under CR 55, a party may demonstrate excusable neglect and due diligence.'" *In re Welfare of S.I.*, 184 Wn. App. 531, 544, 337 P.3d 1114 (2014) (quoting *In re Est. of Stevens*, 94 Wn. App. 20, 30, 971 P.2d 58 (1999)).

CR 60(b) relates to relief from a final judgment. CR 60(b)(1) states that a judgment may be set aside if obtained based on "[m]istakes, inadvertence, surprise, excusable neglect or irregularity." Our Supreme Court has clarified that a party moving to vacate a default judgment under CR 60(b)(1) must show "(1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default

judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated." *Little*, 160 Wn.2d at 703-04.

II.     CR 55 AND CR 60

As an initial matter, the parties appear to confuse the applicability of CR 55 and CR 60. We begin by clarifying the application of these rules.

When a party files a motion to vacate a default order, the plain language of CR 55(c)(1) states that the trial court will grant the motion if there is "good cause shown and upon such terms as the court deems just." Next, "*if a judgment by default has been entered*," the court will set that aside as well "in accordance with [CR] 60(b)." CR 55(c)(1) (emphasis added). "The Superior Court Civil Rules provide different standards for setting aside orders of default and default judgments." *Stevens*, 94 Wn. App. at 30. In contrast with CR 60, a party seeking to set aside a default order under CR 55(c) "'need only show good cause.'" *Id.* (quoting *Canam Hambro Sys., Inc. v. Horbach*, 33 Wn. App. 452, 453, 655 P.2d 1182 (1982)).

Here, Dahle moved to vacate the default order "entered on November 20, 2023" under "CR 55(c)(1)." CP at 117, 123. There was no mention of the January 22, 2024 summary judgment order in his motion. Dahle continued to reference only the November 20, 2023 order in his reply and during the hearing, counsel specifically stated, "We're not even to the point of a default judgment in this case. We're only at the point of a default order," thereby showing he was only challenging the default order. RP at 17. Accordingly, our review is focused on whether the trial court abused its discretion in denying the motion to vacate the November 20, 2023 default order based on Dahle's failure to establish good cause under CR 55(c)(1).[3]

---

[3] Wicklund asserts that the January 22, 2024 summary judgment order is not before us for review. We agree. Dahle included the order in his April 17, 2024 notice of appeal. But RAP 5.2(a) requires a notice of appeal to be filed within 30 days of the entry of the order that a party wishes to appeal.

III.    GOOD CAUSE

As set forth above, good cause is established to set aside a default order if a party demonstrates excusable neglect and due diligence. *S.I.*, 184 Wn. App. at 544. Good cause under CR 55(c)(1) is a flexible concept that involves the trial court's exercise of discretion based on the particular facts of each case. *Id.*

Here, Dahle did not move forward with his complaint against Wicklund or respond to her counterclaims for several months. Wicklund waited three months from the filing of her counterclaims to file a motion for a default order. Dahle admitted to receiving notice of the motion for default, but he failed to appear at the hearing.[4]

Dahle details difficulty obtaining counsel during this time. He also details job pressures, travel, family responsibilities, and health concerns. However, Dahle fails to explain why he was unable to submit any pleading to the court detailing his circumstances, or at the very least, attend the hearings virtually to provide an explanation. As the trial court concluded, "Many of the issues cited [by Dahle] would have been grounds for a request for a continuance." CP at 159. Yet, he failed to request one.

Based on the above, the trial court did not abuse its discretion in balancing the preference to decide cases on the merits with the need for an organized judicial system where litigants comply with court rules. The court properly concluded that Dahle failed to establish excusable neglect.

---

Dahle's notice of appeal was filed well past the 30-day limit. Because his appeal of the summary judgment order was untimely and because the summary judgment order was not the subject of Dahle's motion to vacate, we decline to address this order further. *See Sangha v. Keen, et al.*, ___ Wn.3d _____, 568 P.3d 1118, 1127-28 (2025) (an appeal of a denial of a motion to vacate a default order does not restore an unappealed final judgment to an appellate track).

[4] He also received notice of the motion for summary judgment and the hearing on that motion, but failed to respond or appear on that matter as well.

While Dahle timely moved to vacate the default order, he nevertheless did not show justification for not responding, or otherwise defending as provided for by the court rules. Without a showing of excusable neglect, Dahle cannot establish good cause to set aside the default order. The court had tenable grounds to conclude likewise.

## CONCLUSION

Because the trial court did not abuse its discretion in denying Dahle's motion to vacate the default order, we affirm the trial court's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Lee, J.

Che, J.